## FELTON v. POYNOR et al.

### No. 13106.

Court of Civil Appeals of Texas.

Nov. 14, 1941.

Francis M. Chaney, of Dallas, for appel-
lant.

No appearance for appellees.

John A. Pace, of Dallas, amicus curiae.

LOONEY, Justice.

The parties will be referred to as in the
court below. Ruth Felton, as temporary
administratrix of the estate of W. F. Fel-
ton, deceased, brought this suit in the
Probate Court of Dallas County, where the
administration is pending against Mrs.
Tom (Eulalia) Poynor, widow of Tom
Poynor, deceased, and his daughters, Eula-
lia and Lucile Virginia Poynor, minors, to
cancel a written instrument allegedly exe-
cuted by A. J. Felton, deceased, agreeing to
convey to Eulalia and Lucile Virginia Poy-
nor certain lands situated in Live Oak
County, Texas, of the alleged value of
$35,000. The grounds alleged for cancella-
tion are, that the instrument was not exe-
cuted by A. J. Felton; and, in the alterna-
tive, if it should appear that the instrument
was executed by him, its execution was pro-
cured by fraud, etc. The material facts re-
vealed by plaintiffs' allegations are, that A.
J. Felton, owner of the lands involved, the

278

person alleged to have executed the written instrument, died intestate; that W. F. Felton, brother and only heir of the deceased, was duly appointed and qualified as administrator of his estate; that later, W. F. Felton dying, plaintiff was appointed temporary administratrix of his estate, and in that capacity instituted this suit.

Citation was issued to Nueces County, Texas, where the defendants resided, and was served, commanding them to appear before the County Court of Dallas County on the first Monday after service, stating that, "said returnable date being now here fixed as Monday, December 26th 1939". On December 26, 1939, plaintiff appeared, suggested to the court that no answer had been filed, asked for and was granted a judgment by default, with writ of inquiry. Later, on December 29, an amicus curiae having been permitted to appear, suggested to the court that the citation was void and would not support the judgment by default, because the appearance day named in the process, that is, Monday, December 26, 1939, was an impossible date, there being no such day in the year 1939. On the same day, after due consideration, the court held the citation void and set aside the judgment by default, from which plaintiff appealed to the District Court of Dallas County, and on hearing had in the latter court, April 26, 1940, the citation was held void and the appeal dismissed, from which plaintiff appealed to this court and insists and argues earnestly that the Probate Court of Dallas County had jurisdiction of the cause, under Article 3324, R.C.S., and that the citation was in substantial compliance with the statute.

Without reference to the validity, whether or not of the citation, we think it too plain for controversy that the Probate Court of Dallas County was without jurisdiction to entertain the suit. The statute relied upon by plaintiff, Article 3324, R.C.S., provides: "When any person shall sell property and enter into bond or other written agreement to make title thereto, and shall depart this life without having made such title, the owner of such bond or written agreement or his legal representatives, may file a complaint in writing in the county court of the county where the letters testamentary or of administration were granted and cause the executor or administrator to be cited to appear at a regular term of the court, and show cause why a specific performance of such bond or other written agreement should not be decreed"; providing further that, after service of citation, the court shall hear evidence on the complaint and, if satisfied that the bond or written agreement was legally executed by the testator, or intestate, and that the complainant has a right to demand specific performance, a decree should be entered ordering the executor or administrator to make title to the property, according to the tenor of the obligation.

As will be observed, the statute delegates to the County Court certain special powers, to be exercised under the conditions prescribed.

"Hence," as stated in 11 Tex.Jur., pg. 723, "when jurisdiction in respect of a particular matter is derived wholly from statute, the statutory provisions are mandatory and exclusive and must be complied with in all respects, and the court in exercising its particular authority is a court of limited jurisdiction."

The statute, by its terms, gives to the owner of a bond or written agreement to convey property the right to bring an action in the County Court against the executor or administrator for specific performance, but does not give the executor or administrator the right to institute an original action in the County Court for the cancellation of such an agreement; but, even if it did, the County Court would not have jurisdiction to entertain such a suit in an administration proceedings, other than that of the decedent who executed the written instrument or bond.

The Probate Court having no jurisdiction to entertain the suit, it follows that, the District Court was without jurisdiction, hence this court is without jurisdiction to entertain the appeal. It is, therefore, ordered that the proceedings be dismissed, and the same will be certified to the Probate Court of Dallas County, for proper observance.

. Cause dismissed.