**In re ESTATE of Gertrude Byrd BATEMAN, Deceased.**

No. 821.

Court of Civil Appeals of Texas, Tyler.

Sept. 4, 1975.

Rehearing Denied Oct. 16, 1975.

J. Byron Saunders, Saunders, Caldwell &
Schmidt, Tyler, for appellant.

William W. Byrd, Houston, for appellee.

DUNAGAN, Chief Justice.

This is a case involving the jurisdiction of a Probate Court over an independent executor. P. P. Bateman, the independent executor and life tenant of his wife's estate, filed an inventory and appraisement on September 13, 1973. Jewel Byrd, one of several remaindermen, filed a motion entitled "complaint" to alleged omissions from that inventory on November 12, 1974, in the Smith County Court sitting in probate matters. Byrd sought to require Bateman, pursuant to Sec. 258 of the Texas Probate Code, 17B, V.T.C.S., to file an amended inventory. Bateman answered contending that the County Court lacked such jurisdiction over an independent executor. The County Court overruled this objection and, after a hearing, ordered Bateman to amend the original inventory within twenty days. Bateman appealed from that order. We hold that a County Court cannot, pursuant to Sec. 258 of the Probate Code, require an amended inventory from an independent executor.

Independent Administrations are provided for by the first sentence of Sec. 145 of the Probate Code:

"Any person capable of making a will may provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement, and list of claims of his estate."

The purpose of this restraint upon the County Court is to free an estate of often onerous and expensive judicial supervision. *Corpus Christi Bank and Trust v. Alice National Bank*, 444 S.W.2d 632, 634 (Tex.Sup. 1969). This freedom from judicial supervision is not, however, complete. The second sentence of Sec. 145 is as follows:

" * * * When such a will has been probated, and the inventory, appraisement, and list aforesaid has been filed by the executor and approved by the court, as long as the estate is represented by the independent executor, further action of any nature shall not be had in the court *except where this Code specifically and explicitly provides for some action in the court.*" (Emphasis added.)

See Woodward, *Developments in the Law of Independent Administrations*, 37 Texas L.Rev. 828, 835 (1959).

Appellee contends that the County Court's power to require an amended inventory from an independent executor is "specifically and explicitly" provided by Sec. 258 of the Probate Code. This section provides that any person interested in an estate who deems an inventory erroneous or unjust may cause the *representative* to appear before the court. If the court is satisfied that the inventory is erroneous or unjust, it shall enter an order specifying the corrections to be made.

Sec. 3(aa), Texas Probate Code, 17A V.T. C.S. (1957), is applicable to the question of whether "representative" includes an independent executor. This section reads as follows:

" 'Personal representative' or 'Representative' includes executor, independent executor, * * *. The Inclusion of independent executors herein shall not be held to subject such representatives to control of the courts in probate matters with respect to settlement of estates except as expressly provided by law."

Thus Sec. 258 of the Probate Code will "specifically and explicitly" control an independent executor unless the requirement of an amended inventory is a probate matter with respect to the settlement of the estate. See *Roy v. Whitaker*, 92 Tex. 346, 48 S.W. 892, 896 (1898).

Appellant relies on *Gonzales v. Gonzales*, 309 S.W.2d 111 (Tex.Civ.App., Fort Worth, 1958, no writ), holding that there was no basis upon which the probate court could require an accounting from an independent executrix. In that case it was stated "(t)here was no intimation that the executrix was not carrying out faithfully the

provisions of the will." *Gonzales v. Gonzales,* supra, 113. Appellee would distinguish the case at bar by pointing to the evidence of omissions from the original inventory as such a basis. The issue, however, goes beyond the existence of error or wrongful acts on the part of the executor. It is whether the action of the County Court relates to the settlement of the estate. Secs. 3(aa) and 145 of the Texas Probate Code, 17A V.T.C.S.; *Gonzales v. Gonzales,* supra, 113.

■■■ The District Court, and not the Probate Court, has jurisdiction of a suit against an independent executor for an accounting or partition. *Toplitsky v. Toplitsky,* 282 S.W.2d 254, 256 (Tex.Civ.App., Galveston, 1955, writ ref'd. n. r. e.); *Carter v. Brady,* 423 S.W.2d 946, 951, 952 (Tex.Civ. App., San Antonio, 1967, writ ref'd., n. r. e.). Therefore, it is the province of a District Court and not the Probate Court to call an independent executor to account. *O'Connor v. O'Connor,* 320 S.W.2d 384, 389 (Tex.Civ. App., Dallas, 1959, writ dism'd). The District Court's power is based on its general equity jurisdiction. *O'Connor v. O'Connor,* supra; *Jerrard v. McKenzie,* 61 Tex. 40, 44 (1884). The probate court's lack of jurisdiction is based on the interference of a court-ordered accounting with the settlement of an estate. Appellee contends that this jurisdiction division was altered by the amendments to Art. V, Sec. 8 of the Texas Constitution and Sec. 5 of the Texas Probate Code. We disagree. Sec. 145 of the Probate Code controls the scope of the newly amended Sec. 5. *Burke v. Satterfield,* Tex., 525 S.W.2d 950 (1975). The general purpose of Sec. 145 of the Texas Probate Code is to free the independent executor from the control of the court, except where the Code specifically and explicitly provides otherwise. *Bunting v. Pearson,* 430 S.W.2d 470, 473 (Tex.Sup.1968).

There has been no case cited nor have we found a case which holds that a County Court's actions pursuant to Sec. 258 of the Probate Code would or would not interfere with the settlement of an estate by an independent executor. However, cases holding other code sections inapplicable to an independent administration are helpful by analogy. A Probate Court has no jurisdiction to remove an independent executor pursuant to Sec. 222 of the Texas Probate Code, unless he is first required to post bond and fails to do so. *Bell v. Still,* 389 S.W.2d 605, 607 (Tex.Civ.App., Waco, 1965). This opinion was adopted by our Supreme Court at 403 S.W.2d 353, 354 (Tex.Sup. 1966). Sec. 132(a) of the Texas Probate Code does not give the Probate Court authority to order a temporary administrator to take over the assets of an estate from an independent executor. *Corpus Christi Bank and Trust v. Alice National Bank,* 444 S.W.2d 632, 637 (Tex.Sup.1969). The procedures for establishing claims against an estate, set forth in Sections 309, 310 and 313 of the Probate Code, are not applicable when the estate is under independent administration. *Bunting v. Pearson,* supra.

■■■ While these cases deal with different provisions of the Probate Code, they have a common rationale; the Probate Court cannot interfere with the settlement of an estate by an independent executor unless the Probate Code specifically and explicitly so provides. Tex.Prob.Code, 17A V.T.C.S. Sec. 145 (1957). We hold that the application of the requirements of Sec. 258 of the Texas Probate Code to the instant case would constitute an unauthorized interference.

Since the County Court was without jurisdiction to render the order appealed from, this Court is without jurisdiction. *Felton v. Poyner,* 156 S.W.2d 277, 278 (Tex. Civ.App., Dallas, 1941, no writ). Thus we do not reach appellant's second point.

The judgment of the County Court is reversed and judgment here rendered for dismissal of the complaint for want of jurisdiction.