Gregory L. SWEENEY, Appellant,

v.

David F. SWEENEY, et al., Appellees.

No. C14–83–456CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 12, 1984.

James C. Mulder, Parks, Tradd, Mulder & Miller, Houston, for appellant.

Michael A. Hirsch, Law Offices of Michael A. Hirsch, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and SEARS, JJ.

## OPINION

MURPHY, Justice.

This appeal is from a judgment ordering Gregory L. Sweeney, Independent Executor of the Estate of Marie B. Sweeney (appellant), to partially distribute estate assets to devises David F. Sweeney and Maureen J. Thode (appellees). Appellant challenges the statutory probate court's power to control the distribution of the estate under an independent administration.

Marie B. Sweeney died testate on March 17, 1981, devising her estate to her four children in equal shares and appointing Gregory L. Sweeney as independent executor of the estate. Appellant received his Letters Testamentary on August 26, 1981.

Appellant distributed estate assets to Timothy Sweeney and himself, but refused to distribute to appellees their respective shares of the estate. Consequently, appellees filed an Application for Distribution and Alternative Relief which the court granted.

It appears that all matters of the administration of this estate have been pursued to completion with the exception of filing a final income tax return for the estate and the resolution of two lawsuits filed against appellant based on mismanagement of estate assets. The estate consists only of money or debts to the estate or both.

▮ Independent administrations are provided for by Section 145(b) of the Probate Code, Tex. Probate Code Ann. Sec. 145(b) (Vernon 1980):

"Any person capable of making a will may provide in his will that *no other action shall be had in the county court in relation to the settlement of his estate* than the probating and recording of his will, and the return of an inventory, appraisement, and list of claims of his estate." (Emphasis added.)

The purpose of this restraint upon the county court is to free the independent executor from judicial supervision and to effect the distribution of an estate with a minimum of costs and delays. *Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex.1975). This freedom from judicial supervision is not complete. Section 145(h) states that when such a will has been probated:

". . . and the inventory, appraisement, and list aforesaid has been filed by the executor and approved by the county court, as long as the estate is represented by the independent executor, *further action of any nature shall not be had in the county court except where this Code specifically and explicitly provides for some action in the county court.*" (Emphasis added.)

Thus, the probate court has jurisdiction over an independent executor if the Probate Code specifically and explicitly so provides. *Bunting v. Pearson*, 430 S.W.2d 470, 473 (Tex.1968); TEX.PROB.CODE ANN., Sec. 145(h) (Vernon 1980).

The only code section "specifically and explicitly" providing the probate court with the power to order an independent executor to partially distribute estate assets is Section 149B, Tex. Probate Code Ann. Sec. 149B (Vernon 1980). *Matter of Estate of Minnick*, 653 S.W.2d 503, 506 (Tex.App.—

Amarillo 1983, no writ). The section, specifically applicable to independent administrations, reads:

(a) In addition to or in lieu of the right to an accounting provided by Section 149A of this code, *at any time after the expiration of 12 months after all estate and all inheritance taxes are paid or three years from the date that an independent administration was created and the order appointing an independent executor was entered, whichever is later,* a person interested in the estate may petition the court for an accounting and distribution. The proceeding for an accounting and distribution may be brought in the county court if the county judge is licensed to practice law in the State of Texas or may be brought in a statutory probate court, a county court at law with probate jurisdiction, or a district court of the county. The court may order an accounting to be made with the court by the independent executor at such time as the court deems proper. The accounting shall include the information that the court deems necessary to determine whether any part of the estate should be distributed.

(b) On receipt of the accounting and, after notice to the independent executor and a hearing, unless the court finds a continued necessity for administration of the estate, the court may order its distribution by the independent executor to the persons entitled to the property.

(c) If all the property in the estate is ordered distributed by the executor and the estate is fully administered, the court also may order the independent executor to file a final account with the court and may enter an order closing the administration and terminating the power of the independent executor. (Emphasis added.)

Nonetheless, Section 149B does not apply to the case at bar. All estate and all inheritance taxes were paid by May 3, 1982 and appellant's Letters Testamentary were issued on August 26, 1981. Accordingly, any action in the probate court pursuant to Section 149B before August 26, 1984 is premature.

 Appellees contend that the three year time limitation imposed by Section 149B was waived due to appellant's prior partial distribution to Timothy Sweeney and himself. We disagree. Subject matter jurisdiction exists by operation of law and cannot be conferred upon any court by consent or waiver. *Federal Underwriters Exchange v. Pugh,* 141 Tex. 539, 174 S.W.2d 598, 600 (1943).

The judgment of the county probate court is reversed and judgment rendered directing the dismissal of the application for distribution for want of jurisdiction.