**Wanda BAKER, Appellant,**

v.

**Doyle HAMMETT, Dorothy Fae Berry, James Hammett, Edward Hammett, Betty Ragon, and Ruby Mae Hammett, Appellees.**

No. 6–90–002–CV.

Court of Appeals of Texas, Texarkana.

May 1, 1990.

Brian Dicus, Law Offices of Joseph E. Ashmore, P.C., Dallas, for appellant.

Jack G. Kennedy, Kennedy, Minshew, Campbell & Fry, Sherman, for appellees.

BLEIL, Justice.

Wanda Baker, who had been appointed as independent executrix of the estate of Hubert Lee Hammett, appeals from a judgment removing her as independent executrix. Baker contends that there is insufficient evidence to support the trial court's finding that a loan had been repaid and that there is no evidence of findings which form the basis of its removal of her as independent executrix. While we find sufficient evidence to support the trial court's factual determinations, we agree that no evidence supports the removal of Baker and reverse the trial court's judgment removing her as independent executrix.

Hammett died in June 1988. In September 1988, the county court admitted Hammett's will, in which he appointed Baker as independent executrix, to probate. The will referred to a $20,000.00 loan that Hammett had made to his daughter, Betty Ragon, which had an outstanding balance of $18,500.00. A hearing was held to determine whether the loan had been repaid or whether the executrix could withhold distributing part of Ragon's share as an offset against what she owed the estate. The county court determined that Ragon had repaid the loan, and it ordered Baker to distribute the estate within fourteen days. Baker did not distribute the estate as ordered, and the contestants filed a motion seeking her removal as executrix. At that point, the case was transferred to the district court.

After a hearing, the district court found that the loan had been fully repaid by Ragon and entered an order that Baker was to distribute the estate assets according to the court's judgment; the district court denied the motion to remove Baker as independent executrix, conditioned upon her distribution of the estate within thirty days from the date of the judgment. Baker timely filed a motion for new trial, contending that there was insufficient evi-

dence that the loan had been repaid. In October 1989, the contestants filed another motion to remove Baker as independent executrix due in part to her failure to follow the court's order. The district court denied Baker's motion for new trial and entered an order removing her.

■ Baker contends that there is insufficient evidence to support the district court's finding that the loan had been repaid. In reviewing an insufficient evidence point, we consider and weigh all of the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). Baker testified that she had not seen any documentation, such as cancelled checks or bank statements, which showed that Ragon had repaid the loan to Hammett. Further, she argued that Hammett would have amended his will had the loan been repaid. However, Ragon testified that she had repaid the loan by making payments in cash and by check; also, her 1985 income tax return included a deduction of the interest from the loan. Hammett's widow testified that Ragon had repaid the loan in full. A notebook was introduced into evidence which contained entries made by Mrs. Hammett showing payments ranging from $500.00 to $10,000.00 from November 1980 through August 1985. Dorothy Berry, a daughter, testified without objection that Hammett told her that the loan had been repaid. The trier of fact has the duty to assess the credibility of witnesses, with the option of accepting all, part, or none of the testimony, or making its own deductions from all the evidence. *Hubler v. Oshman,* 700 S.W.2d 694, 697 (Tex.App.—Corpus Christi 1985, no writ). We find that there is sufficient evidence to support the trial court's finding that Ragon had repaid the loan.

■ Baker also contends that there is no evidence to support her removal as independent executrix of the estate. In reviewing a no evidence point, we consider only the evidence tending to support the finding,

viewing it in the light most favorable to the finding, giving effect to all reasonable inferences therefrom, disregarding all contrary or conflicting evidence. *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981). However, the issue before us concerns the legal grounds for removal more than it does the application of a proper standard of review.

The application of the Probate Code to independent administrations is limited; deference is allowed in order to free the independent executor from judicial supervision and to effect the distribution of the estate with a minimum of costs and delays. *Burke v. Satterfield,* 525 S.W.2d 950 (Tex. 1975); *Sweeney v. Sweeney,* 668 S.W.2d 909 (Tex.App.—Houston [14th Dist.] 1984, no writ). The Probate Code provides that as long as the estate is represented by an independent executor, further action of any nature should not be had in the court except where the Code specifically and explicitly provides for some action in the county court. Tex.Prob.Code Ann. § 145(h) (Vernon 1980).

The district court's order removing Baker as independent executrix is based upon the ground that, "Wanda Baker has failed to obey the order of the County Court of Fannin County, Texas, dated March 29, 1989, and has failed to obey the order this Court dated August 21, 1989, each said order having required certain performance in the carrying out of her duties." Each of these orders had required Baker to distribute the estate within a certain time period. For the district court's removal order to be valid, the Probate Code must expressly provide such authority to the court.

Tex.Prob.Code Ann. § 149C (Vernon 1980 & Supp.1990) allows a court to remove an independent executor for six reasons, none of which apply to the failure of an independent executor to follow a court order.[1] Tex.Prob.Code Ann. § 222 (Vernon 1980 & Supp.1990) allows a court to remove

1. Tex.Prob.Code Ann. § 149C (Vernon 1980 & Supp.1990) provides as follows:
   (a) The county court, a statutory probate court, a county court at law with probate jurisdiction, or a district court of the county, on its own motion or on motion of any inter-

ested person, after the independent executor has been cited by personal service to answer at a time and place fixed in the notice, may remove an independent executor when:
   (1) the independent executor fails to return within ninety days after qualification, unless

"any personal representative" for the causes listed under that section, one of which is the failure to obey a proper order of the court with respect to the perform- ance of a personal representative's duties.[2] Personal representative is defined as in- cluding an independent executor, however, the inclusion of an independent executor

such time is extended by order of the court, an inventory of the property of the estate and list of claims that have come to his knowl- edge;

(2) sufficient grounds appear to support be- lief that he has misapplied or embezzled, or that he is about to misapply or embezzle, all or any part of the property committed to his care;

(3) he fails to make an accounting which is required by law to be made;

(4) he fails to timely file the notice required by Section 128A of this code;

(5) he is proved to have been guilty of gross misconduct or gross mismanagement in the performance of his duties; or

(6) he becomes an incompetent, or is sen- tenced to the penitentiary, or from any other cause becomes legally incapacitated from properly performing his fiduciary duties.

(b) The order of removal shall state the cause of removal and shall direct by order the disposition of the assets remaining in the name or under the control of the removed executor. The order of removal shall require that letters issued to the removed executor shall be surrendered and that all letters shall be canceled of record. If an independent executor is removed by the court under this section, the court may, on application, ap- point a successor independent executor as provided by Section 154A of this code.

(c) An independent executor who defends an action for his removal in good faith, whether successful or not, shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attor- ney's fees, in the removal proceedings.

(d) Costs and expenses incurred by the par- ty seeking removal incident to removal of an independent executor appointed without bond, including reasonable attorney's fees and expenses, may be paid out of the estate.

2. Tex.Prob.Code Ann. § 222 (Vernon 1980 & Supp.1990) provides as follows:

(a) Without Notice. The court, on its own motion or on motion of any interested per- son, and without notice, may remove any personal representative, appointed under pro- visions of this Code, who:

(1) Neglects to qualify in the manner and time required by law; or

(2) Fails to return within ninety days after qualification, unless such time is extended by order of the court, an inventory of the proper- ty of the estate and list of claims that have come to his knowledge; or

(3) Having been required to give a new bond, fails to do so within the time pre- scribed; or

(4) Absents himself from the State for a period of three months at one time without permission of the court, or removes from the State; or

(5) Cannot be served with notices or other processes by reason of the fact that his where- abouts are unknown, or by reason of the fact that he is eluding service.

(b) With Notice. The court may remove a personal representative on its own motion, or on the complaint of any interested person, after the personal representative has been cit- ed by personal service to answer at a time and place fixed in the notice, when:

(1) Sufficient grounds appear to support be- lief that he has misapplied, embezzled, or removed from the state, or that he is about to misapply, embezzle, or remove from the state, all or any part of the property committed to his care;

(2) He fails to return any account which is required by law to be made;

(3) He fails to obey any proper order of the court having jurisdiction with respect to the performance of his duties;

(4) He is proved to have been guilty of gross misconduct, or mismanagement in the performance of his duties;

(5) He becomes an incompetent, or is sen- tenced to the penitentiary, or from any other cause becomes incapable of properly perform- ing the duties of his trust;

(6) As executor or administrator, he fails to make a final settlement within three years after the grant of letters, unless the time be extended by the court upon a showing of sufficient cause supported by oath;

(7) As executor or administrator, he fails to timely file the notice required by Section 128A of this code; or

(8) As guardian of the person, he cruelly treats the ward, or neglects to educate or maintain the ward as liberally as the means of such ward and the condition of his estate permit.

(c) Order of Removal. The order of remov- al shall state the cause thereof. It shall re- quire that any letters issued to the one re- moved shall, if he has been personally served with citation, be surrendered, and that all such letters be cancelled of record, whether delivered or not. It shall further require, as to all the estate remaining in the hands of a removed person, delivery thereof to the per- son or persons entitled thereto, or to one who has been appointed and has qualified as suc- cessor representative, and as to the person of a ward, that control be relinquished as re- quired in the order.

does not subject the representative to control of the courts and probate matters with respect to settlement of estates except as expressly provided by law.[3] Accordingly, Tex.Prob.Code Ann. § 222 does not apply to the settlement of an estate which is being handled by an independent executor unless the code explicitly provides for some action in the court. Tex.Prob.Code Ann. § 145(h); Tex.Prob.Code Ann. § 3(aa) (Vernon 1980); *see Bell v. Still*, 389 S.W.2d 605 (Tex.Civ.App.–Waco 1965), *aff'd*, 403 S.W.2d 353 (Tex.1966). We must then determine circumstances under which the Probate Code allows a court to order an independent executor to distribute an estate.

The only section in the Probate Code regarding mandatory distribution of an estate by an independent executor is Tex. Prob.Code Ann. § 149B (Vernon 1980 & Supp.1990).[4] However, Section 149B only allows mandatory distribution of an estate by an independent executor after the expiration of two years from the date that an independent executor was created and the order appointing an independent executor

was entered. Tex.Prob.Code Ann. § 149B(a). Baker was appointed as independent executor on September 6, 1988; thus, the earliest that an interested person could seek distribution is September 6, 1990. Until then, the district court is without jurisdiction to order an independent executor to distribute the estate. *Sweeney v. Sweeney*, 668 S.W.2d 909. Since the district court had no authority to order Baker to distribute the estate, there also is no authority for it under Section 222 to remove Baker as independent executrix for failure to follow its distribution order. Thus, there is no evidence supporting the district court's order removing Baker as independent executrix, and we reverse that order.

The judgment of the district court removing Baker as independent executrix is reversed, and the case is remanded to that court.

**3.** Tex.Prob.Code Ann. § 3(aa) (Vernon 1980) provides as follows:

"Personal representative" or "Representative" includes executor, independent executor, administrator, independent administrator, temporary administrator, guardian, and temporary guardian, together with their successors. The inclusion of independent executors herein shall not be held to subject such representatives to control of the courts in probate matters with respect to settlement of estates except as expressly provided by law.

**4.** Tex.Prob.Code Ann. § 149B (Vernon 1980 & Supp.1990) provides as follows:

(a) In addition to or in lieu of the right to an accounting provided by Section 149A of this code, *at any time after the expiration of two years from the date that an independent administration was created and the order appointing an independent executor was entered, a person interested in the estate may petition the court for an accounting and distribution.* The proceeding for an accounting and distribution may be brought in the county court if the county judge is licensed to practice law in the State of Texas or may be brought in a statutory probate court, a county court at law with probate jurisdiction, or a district court of the county. The court may order an accounting to be made with the court by the independent executor at such time as the court deems

proper. The accounting shall include the information that the court deems necessary to determine whether any part of the estate should be distributed.

(b) *On receipt of the accounting and, after notice to the independent executor and a hearing, unless the court finds a continued necessity for administration of the estate, the court shall order its distribution by the independent executor to the persons entitled to the property.* If the court finds there is a continued necessity for administration of the estate, the court shall order the distribution of any portion of the estate that the court finds should not be subject to further administration by the independent executor. If any portion of the estate that is ordered to be distributed is incapable of distribution without prior partition or sale, the court shall order partition and distribution, or sale, in the manner provided for in the partition and distribution of property incapable of division in estates administered under the direction of the county court.

(c) If all the property in the estate is ordered distributed by the executor and the estate is fully administered, the court also may order the independent executor to file a final account with the court and may enter an order closing the administration and terminating the power of the independent executor to act as executor.

(Emphasis added).