Affirmed and Opinion filed December 9, 2008








Affirmed
and Opinion filed December 9, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00581-CV

_______________

 

RICHARD G. EASTLAND, Appellant

 

V.

 

S. STACY EASTLAND, Appellee

                                                                                                                                               


On Appeal from the Probate Court No. 2

Harris County, Texas

Trial Court Cause Nos. 240,948 & 240,948-401

                                                                                                                                               


 

O P I N I O N

Appellant Richard G. Eastland (ARichard@) challenges the appointment of his
brother, appellee S. Stacy Eastland (AStacy@), as successor independent executor
of the estate of their father, Seaborn Eastland, Jr.  Richard contends the
probate court (1) erred by appointing Stacy as successor independent executor
without notice in violation of Texas Probate Code _ 220(a) (Vernon 2003); and (2) abused
its discretion in finding that (a) Stacy was not unsuitable to be appointed
successor independent executor, and (b) there was a continued need for
administration of the estate.  We affirm.








Background

Seaborn Eastland, Jr. died testate on
December 8, 1990.  Under the terms of his will, an independent administration
of his estate was required.  Accordingly, Mr. Eastland named his wife, Anne
Eastland, as independent executrix.  He also named Stacy as successor
independent executor should Anne Eastland Afor any reason fail [ ] or cease[ ]
to serve as such.@

Anne Eastland duly qualified as
independent executrix of the estate, and letters testamentary were issued to
her on December 26, 1990.  She served as independent executrix of the estate
until her death on January 20, 2005.

Pursuant to a provision in Seaborn
Eastland, Jr.=s will, Richard owned majority voting control of Camp Mystic, Inc. (ACamp Mystic@).  The remainder of Camp Mystic=s stock was bequeathed to Stacy, his
sister, his mother, and other Eastland family members either outright or
through various trusts.  Camp Mystic was reorganized in 1998 to address
potential liability from its operation of a private summer camp.  The
reorganization created two separate corporations: the Anew@ Camp Mystic corporation, and Natural
Fountains Properties, Inc. (ANatural Fountains@).  

Natural Fountains is owned by the
same individuals and trusts that continued ownership of the Anew@ Camp Mystic corporation.  Richard is
the majority shareholder and president of Natural Fountains, and one of its
directors.  Stacy is a director and minority shareholder of Natural Fountains. 


By virtue of the 1998 reorganization,
Natural Fountains owns more than 700 acres in Kerr County.  In turn, Natural
Fountains leases this acreage to Camp Mystic for operation of its summer camp. 
The lease agreement between Camp Mystic and Natural Fountains provides that
rent will be set annually by Natural Fountains= board of directors.  From 1998
through 2006, Camp Mystic=s rent was set by unanimous vote.








On November 14, 2006, Stacy filed
suit individually and as a trustee against Richard individually and as a
trustee in Harris County Probate Court No. 2 seeking declaratory relief Arelating to certain trusts created
under the Last Will and Testament of Seaborn Eastland, Jr.@  Notice and a copy of that pleading
were served on Richard in January 2007.  

On March 20, 2007, Richard sued Stacy
and others in Kerr County District Court seeking a declaration of the rights,
status, and legal relations of Camp Mystic and Richard pursuant to the lease
between Camp Mystic and Natural Fountains.  Richard sought a declaration that
Camp Mystic had fully or substantially performed its contractual obligations to
Natural Fountains, including payment of rent in full from 1998 to 2006.  In his
petition, Richard also asserted that Stacy asked Richard, in Richard=s capacity as president of Natural 
Fountains, to declare Camp Mystic in default due to alleged underpayment of
rent. 

On April 3, 2007, Stacy filed his
application for appointment as successor independent executor of Seaborn
Eastland, Jr.=s estate in Harris County Probate Court No. 2.  No citation or notice to
interested persons was given.

On April 4, 2007, Stacy filed suit
against Richard in Harris County Probate Court No. 2 complaining of alleged
breaches of trust and fiduciary duty, including allegations that Richard failed
to notify Natural Fountains= board of directors of offers to purchase some or all of
Natural Fountains= land.  Stacy asserted the claims in a number of capacities,
including as the Anamed successor Independent Executor of the Estate of Seaborn
Eastland, Jr.@  

On April 11, 2007, the probate court
signed an order granting Stacy=s application for appointment as successor independent
executor.

On April 23, 2007, Richard filed a
motion for new trial and to vacate the order appointing Stacy as successor
independent executor, and an objection to the appointment of Stacy as successor
independent executor.  The probate court held a hearing on the motion for new
trial on June 21, 2007, and heard testimony regarding Stacy=s suitability to be appointed
successor independent executor and the necessity for continued administration
of the estate.








During the June 21 hearing, Richard
questioned Stacy regarding his suitability to serve as independent executor and
the need for continued administration of the estate of Seaborn Eastland, Jr. 
Stacy testified that continued administration was required because, after
receiving his father=s files and records following his mother=s death in 2005, he became aware of
other property owned or potentially owned by the estate, and claims owing or
potentially owing by the estate and to the estate.

Stacy testified at the June 21
hearing that the assets he discovered included a mineral interest his father
owned, which previously had been overlooked and never distributed.  Stacy
testified that he was told in early 2007 that the independent administrator of
the estate of one of his father=s former law partners planned to file suit against the law
firm.  That lawsuit was filed in March 2007, and the petition in that lawsuit
alleged that there was vicarious liability on the part of the firm=s partners during Seaborn Eastland,
Jr.=s tenure.  Stacy testified that he
expected his father=s estate to be joined as a party to that lawsuit.  Stacy
testified that any potential liability of his father=s estate in that lawsuit could affect
the estate=s portion of an income stream from his father=s former law firm, subjecting the
estate to potential liability for continuing to distribute this income to the
beneficiaries of the will.  Stacy also testified about potential estate
liability based upon an indemnification agreement with another of his father=s former law partners stemming from a
different lawsuit.  Additionally, Stacy testified that his November 14, 2006
suit against Richard sought construction of their father=s will.

At the conclusion of this hearing,
the probate court signed an order denying Richard=s motion for a new trial and motion
to vacate the order appointing Stacy as successor independent executor, and
overruling Richard=s objection to the appointment of Stacy as successor
independent executor.  The probate court found that Stacy was not unsuitable to
be named the successor independent executor of the estate of Seaborn Eastland,
Jr., and that necessity existed for continued administration of the estate. 
Richard now challenges on appeal the probate court=s appointment of Stacy as successor
independent executor.

Appellate Jurisdiction








A probate court order determining who
may serve as an independent executor is appealable because it Afinally adjudicates a substantial
right.@  See Tex. Prob. Code Ann. _ 5(g) (Vernon Supp. 2008); Logan
v. McDaniel, 21 S.W.3d 683, 688 (Tex. App.BAustin 2000, pet. denied); Spies
v. Milner, 928 S.W.2d 317, 318-19 (Tex. App.BFort Worth 1996, no writ); see
also De Ayala v. Mackie, 193 S.W.3d 575, 578 (Tex. 2006) (AProbate proceedings are an exception
to the >one final judgment= rule; in such cases, >multiple judgments final for purposes
of appeal can be rendered on certain discrete issues.=@) (quoting Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 192 (Tex. 2001)).

Standard of Review

This appeal turns in part on the
meaning of certain provisions in the Probate Code.  Statutory construction is a
legal question that we review de novo, ascertaining and giving effect to
the legislature=s intent as expressed by the plain and common meaning of the
statute=s words.  F.F.P. Operating
Partners, L.P. v. Duenez, 237 S.W.3d 680, 683 (Tex. 2007).

We review a probate court=s finding regarding unsuitability to
serve as independent executor for abuse of discretion.  In re Estate of
Gaines, 262 S.W.3d 50, 56-57 (Tex. App.BHouston [14th Dist.] 2008, no pet.). 
We also review the probate court=s determination regarding necessity
for administration for a clear abuse of discretion.  King v. Estate of
Balshaw, No. 01-89-00370-CV, 1990 WL 11977, at *3 (Tex. App.BHouston [1st Dist.] Feb. 15, 1990, no
writ).       

Analysis

Richard argues that the probate court
(1) failed to comply with notice requirements under section 220(a) of the Texas
Probate Code when it appointed Stacy as successor independent executor for the
estate of Seaborn Eastland, Jr.; and (2) abused its discretion in finding that
(a) Stacy was not unsuitable to be appointed successor independent executor,
and (b) there was a continued need for administration of the estate.  Richard
asserts that these findings are not supported by the evidence in this case.  We
address each contention in turn. 

 

 

 








I.          Applicability
of Texas Probate Code Section 220(a) to the Appointment of Stacy as Successor
Independent Executor        

Richard contends that section 220(a)
applies to the appointment of Stacy as successor independent executor; requires
notice to interested parties, except when immediate appointment is necessary;
and was violated when Stacy was appointed without notice to Richard.  Stacy
contends that notice of his appointment as successor independent executor was
not required because section 220(a) applies to a Apersonal representative@ but not to an Aindependent executor@ as those terms are defined by the
Texas Probate Code.  See Tex. Prob. Code Ann. __ 3(aa), (q) (Vernon Supp. 2008).

The probate court held that it was
not required to give notice to Richard as outlined in section 220(a) before
appointing Stacy as successor independent executor of Seaborn Eastland, Jr.=s estate.  The probate court
concluded that its April 11, 2007 appointment of Stacy as successor independent
executor required only findings that (1) Stacy was named in the will as
successor independent executor; and (2) a continuing administration was
necessary.

A.        Standards
for Statutory Construction

In construing a statute, our primary
objective is to determine the legislature=s intent, which we discern when
possible from the plain meaning of the words chosen.  State v. Shumake,
199 S.W.3d 279, 284 (Tex. 2006).  

We may consider other matters in
ascertaining legislative intent, including the objective of the law and its
history, its title or caption, and law on similar subjects.  Tex. Gov=t Code Ann. _ 311.023 (Vernon 2005).  We
ordinarily will adopt and uphold a construction placed upon a statute by those
charged with the duty of its enforcement, including courts, if the statute is
uncertain and the construction so given it is reasonable, especially where such
construction has been sanctioned by long acquiescence.  Chapa v. Spivey,
999 S.W.2d 833, 835 (Tex. App.BTyler 1999, no pet.).








We presume that every word of a
statute was used for a purpose, and, likewise, that every omitted word was
excluded for a purpose.  Cameron v. Terrell & Garrett, Inc., 618
S.W.2d 535, 540 (Tex. 1981).  We must consider the statute as a whole rather
than its isolated provisions.  Helena Chem. Co. v. Wilkins, 47 S.W.3d 486,
493 (Tex. 2001).

B.        Role
of Independent Executors

Because the parties= disagreement focuses on the
interplay between the statutory terms Aindependent executor@ and Apersonal representative,@ it is helpful at the outset to
examine the role of an independent executor under Texas law.

The Texas Probate Code defines an Aindependent executor@ as Athe personal representative of an
estate under independent administration as provided in Section 145 of this
Code.@  Tex. Prob. Code Ann. _ 3(q).  In turn, the Probate Code
defines Apersonal representative@ to encompass independent executors
and their successors.  Id. _ 3(aa).  However, section 3(aa)=s broad definition of Apersonal representative@ contains an important limitation: AThe inclusion of independent
executors herein shall not be held to subject such representatives to control
of the courts in probate matters with respect to settlement of estates except
as expressly provided by law.@  Id.

Independent administration traces its
origins in Texas law to at least 1873.  See Lewis v. Nichols, 38 Tex.
54, 54 (1873) (Aindependent will@ need only be probated and does not
otherwise bring an estate within the jurisdiction of the probate court). 
Because of this long history, Texas courts have had numerous opportunities to discuss
the purpose behind independent administration.  








The purpose of section 145 _ and of independent administration
itself _ is to free an independent executor
from the expense and control of judicial supervision except where the Probate
Code specifically and explicitly provides otherwise.  Corpus Christi Bank
& Trust v. Alice Nat=l Bank, 444 S.W.2d 632, 634-35 (Tex. 1969);
Bunting v. Pearson, 430 S.W.2d 470, 473 (Tex. 1968); Rowland v. Moore,
141 Tex. 469, 472, 174 S.W.2d 248, 249-50 (1943); Nadolney v. Taub, 116
S.W.3d 273, 283 (Tex. App.BHouston [14th Dist.] 2003, pet. denied); Sweeney v.
Sweeney, 668 S.W.2d 909, 910 (Tex. App.BHouston [14th Dist.] 1984, no writ); In
re Bateman=s Estate, 528 S.W.2d 86, 89 (Tex. Civ. App.BTyler 1975, writ ref=d n.r.e.).

The primary distinction between an
independent administration and a dependent administration is the level of
judicial supervision over exercise of the executor=s power.  Executors in a dependent
administration and other personal representatives can perform only a limited
number of transactions without seeking a court=s permission, such as paying taxes,
voting stocks, insuring property, and releasing liens upon full payment.  See
Tex. Prob. Code Ann. _ 234(b) (Vernon 2003).  Transactions such as the purchase or exchange of
property, the compounding of debts due to the estate, or the compromise or settlement
of estate claims in dispute or litigation typically require the executor in a
dependent administration to submit a written application to the court and
receive a court order granting authority to enter into the transaction.  See
id. _ 234(a).

Independent executors, in contrast,
can enter into any transactions deemed necessary for the good of the estate
without requesting court authority after (1) the order appointing the
independent executor has been signed by the court; and (2) the inventory,
appraisement, and list of claims of the estate has been filed by the
independent executor and approved by the court.  See id. _ 145(h) (Vernon 2003).  The
legislative intent to free independent executors from judicial control is borne
out in case law.  See Corpus Christi Bank & Trust, 444 S.W.2d
at 634-35; Bunting, 430 S.W.2d at 473; Rowland, 141 Tex. at 472,
174 S.W.2d at 249-50; Nadolney, 116 S.W.3d at 283; Sweeney, 668
S.W.2d at 910; In re Bateman=s Estate, 528 S.W.2d at 89.  Thus, in
determining whether section 220(a) applies to the appointment of Stacy as
successor independent executor, a key factor we must bear in mind is whether
such an application would subject an estate that already has spent years under
independent administration to additional judicial control.








C.        Does
Section 220(a) Apply to Stacy=s Appointment?

Section 220 of the Texas Probate Code
is entitled AAppointment of Successor Representative,@ and subsection (a) is entitled ABecause of Death, Resignation or
Removal.@  Tex. Prob. Code Ann. _ 220(a) (Vernon 2003).  Subsection
(a) reads as follows:

When a person duly appointed a personal
representative fails to qualify, or, after qualifying, dies, resigns,
or is removed, the court may, upon application appoint a successor if there be
necessity therefor, and such appointment may be made prior to the filing of, or
action upon, a final accounting.  In case of death, the legal representatives
of the deceased person shall account for, pay, and deliver to the person or
persons legally entitled to receive the same, all the property of every kind
belonging to the estate entrusted to his care, at such time and in such manner
as the court shall order.  Upon the finding that a necessity for the
immediate appointment of a successor representative exists, the court may
appoint such successor without citation or notice.

 

Id. (emphasis added).  The probate court made no finding
that immediate appointment of Stacy as successor independent executor was
necessary.  Richard contends that this omission makes Stacy=s appointment invalid under section
220(a) because citation and notice were required in the absence of such a
finding.  Stacy contends that notice and citation were not required because
section 220(a) does not apply to his appointment as successor independent
executor.

Richard=s assertion that section 220(a)
requires notice and citation relies on a negative inference.  The only
reference to citation or notice within section 220(a) is in its last sentence,
highlighted above.  Richard interprets this sentence to require citation or
notice in all circumstances not involving a necessity of immediate appointment. 
Even assuming that this negative inference is the correct interpretation,
Richard=s argument fails because section
220(a) does not apply to Stacy=s appointment as successor independent executor for reasons
discussed below.








We begin with the definition of the
term Apersonal representative@ used in section 220(a).  This
definition potentially encompasses independent executors and their successors. 
Id. _ 3(aa). 
But section 3(aa)=s definition of Apersonal representative@ also features additional limiting
language stating that Ainclusion of independent executors herein shall not be
held to subject such representatives to control of the courts in probate matters
with respect to settlement of estates except as expressly provided by law.@  Id. (emphasis added).  Thus,
the reference to a Apersonal representative@ in section 220(a) does not
automatically encompass appointment of a successor independent executor.  In
light of section 3(aa)=s limiting language, section 220(a)=s reference to a Apersonal representative@ does not apply if (1) application of
section 220(a) under these circumstances would subject a successor independent
executor to court control in a probate matter with respect to settlement of an
estate; and (2) no provision in section 220(a) or elsewhere includes express
language reaching appointment of a successor independent executor.

Richard identifies no pertinent
language in section 220(a) or elsewhere in the Probate Code that expressly
reaches appointment of a successor independent executor.  Therefore, he focuses
his analysis on the first prong of section 3(aa)=s limiting language.

As a threshold matter, the parties do
not dispute that a probate court asserts at least some degree of Acontrol@ when it appoints a successor
independent executor.  Richard acknowledges in his brief that A[n]othing in Probate Code _ 3(aa) removes the necessity that the
Court make the appointment in this instance,@ and that Aappointment of a successor executor
is not automatic.@  

Richard nonetheless argues that the
appointment of a successor independent executor does not involve probate court
control with respect to settlement of the estate,
thus making section 3(aa)=s limiting language inapplicable to exclude the appointment
of a successor independent executor from section 220(a)=s reach.  Richard does not define the
term Asettlement@ in his argument.  Nor is this term
defined in the Probate Code.  However, other Probate Code provisions indicate
that the limiting language of section 3(aa) does apply here to exclude the
appointment of an independent executor from section 220(a)=s reach.








For example, removal of an
independent executor under section 222(b) of the Probate Code is control with
respect to settlement of an estate.  See Bell v. Still, 389 S.W.2d 605,
606-07 (Tex. Civ. App.BWaco 1965), aff=d, 403 S.W.2d 353 (Tex. 1966).  Bell addressed
whether a probate court could remove an independent executor for alleged
mismanagement and malfeasance under section 222(b).  Id. at 605. 
Section 222(b) authorized probate courts to remove a Apersonal representative@ upon notice for specified causes.  Id.
at 606.  Bell analyzed whether section 222(b) applied to independent
executors under the definition of Apersonal representative@ found in section 3(aa), which
contained the same limiting language it does today.  See id. at 605-06.

In its analysis, the Bell
court employed two tests to determine whether section 222(b) authorized the
probate court to remove an independent executor.  See id. at 606. 
First, the court examined whether the Probate Code specifically and explicitly
allowed the probate court to take the requested action.  See id. 
Second, the court examined whether the action required the probate court to
take action Ain connection with >settlement= of the estate@ and concluded that it did.  See
id.  After noting that section 222(b) did not specifically and explicitly
provide for removal of independent executors, Bell determined that
allowing removal of an independent executor as a Apersonal representative@ under section 222(b) would Aauthorize accomplishment by obliquity
what is prohibited to be done directly.@  Id. at 607.  The court
determined that Athe power to remove is the power to control,@ and to hold otherwise would
contradict the meaning given to the phrase Asettlement of estates@ by the Texas Supreme Court.  See
id. (citing Roy v. Whitaker, 92 Tex. 346, 355-56, 48 S.W. 892,
896-97 (1898), modified by 92 Tex. 346, 49 S.W. 367 (1899)).  Given Bell=s conclusion that removal
of an independent executor is control with respect to settlement of an estate,
it follows that appointment of a successor independent executor
also is control with respect to settlement of an estate.








The case most heavily discussed by
both parties is Baker v. Hammett, 789 S.W.2d 682 (Tex. App.BTexarkana 1990, no writ), which also
addressed whether section 222 applies to independent executors.  Baker
involved a motion by certain beneficiaries of the decedent=s will to remove the independent
executrix of the decedent=s estate.  Id. at 682-83.  The trial court signed an
order removing the independent executrix under section 222.  Id. at
683-85.

To determine whether the trial court
applied the proper legal grounds for removal of the independent executrix, the
court had to decide whether section 149C, section 222, or both provided the
proper grounds for removal.  Id.  The court noted that application of
the Probate Code to independent administrations is limited, and that due
deference is allowed in order to free independent executors from judicial
supervision and to distribute estates with a minimum of cost and delay.  Id.
at 683.  The court stated that when an estate is represented by an independent
executor, further action should not be pursued in court except where the
Probate Code specifically and explicitly provides for some court action.  Id.
(citing Tex. Prob. Code Ann. _ 145(h) (Vernon 1980)).

Section 222 allows a court to remove Aany personal representative@ for the causes listed under that
section.  Baker, 789 S.W.2d at 683-84.  The Baker court analyzed
the definition of the term Apersonal representative@ found in section 3(aa) and held that
A[section] 222 does not apply to the
settlement of an estate which is being handled by an independent executor
unless the code explicitly provides for some action in the court.@  Id. at 685.  

The results in Bell and Baker
parallel and support our holding in this case.  Here, as in Bell and Baker,
we confront a generally applicable section of the Probate Code that uses the
term Apersonal representative@ without making explicit mention of
independent executors.  The estate at issue here had been administered
independent of judicial supervision for some time by an independent executor
named in the decedent=s will, just as in Bell and Baker.  








Richard seeks to distinguish Baker
because there already was an independent executor in place in Baker; he
argues further that the court in Baker sought to control an issue with
respect to the settlement of an estate.  Richard=s effort to distinguish Baker
based on the presence of an independent executor appears to rest on a
distinction without a difference.  Section 222 parallels section 220(a) because
both are found in Chapter VII of the Texas Probate Code, entitled AExecutors and Administrators.@  See Tex. Prob. Code Ann. ch.
VII (Vernon Supp. 2008).  Both are located in Part 3 of that Chapter, entitled ARevocation of Letters, Death,
Resignation, and Removal,@ and both deal with subject matter directly related to that
topic.  See id. ch. VII, pt. 3 (Vernon Supp. 2008).[1]


The conclusion that appointment of a
successor independent executor is control with respect to settlement of an
estate is underscored by Texas Probate Code section 5A(b), which contains a
non-exclusive list of actions that are properly heard by statutory probate
courts as Aappertaining to estates@ or Aincident to an estate.@  Id. _ 5A(b) (Vernon Supp. 2008).  This
list includes Agenerally all matters relating to the collection, settlement, partition,
and distribution of estates of deceased persons.@  Id.  The statute also
instructs that it is to be Aconstrued in conjunction with and in harmony with Section 145
and all other sections of this Code dealing with independent executors, but
shall not be construed so as to increase permissible judicial control over
independent executors.@  Id. 








An action has been held to be Aincident to an estate@ when the outcome will have a direct
bearing on the assimilation, collection, and distribution of the estate.  Pullen
v. Swanson, 667 S.W.2d 359, 362 (Tex. App.BHouston [14th Dist.] 1984, writ ref=d n.r.e.).  The appointment of the
person who will have legal authority to assimilate, collect, and distribute
necessarily bears on Athe assimilation, collection, and distribution@ of an estate.  Therefore, section
5A(b) indicates that the limiting language of section 3(aa) operates to exclude
independent executors from the reach of section 220(a) because the appointment
of a successor independent executor is an action Aincident to an estate@ involving control by the probate
court with respect to the settlement of the estate. 

Because the appointment of Stacy as
successor independent executor does, in fact, involve control of the probate
court with respect to settlement of an estate, application of section 220(a)
here is subject to section 3(aa)=s limiting language.  Under that
limiting language, section 220(a) does not apply to appointment of a successor
independent executor Aexcept as expressly provided by law.@  Tex. Prob. Code Ann. _ 3(aa).  No such express provision exists
in section 220(a) or elsewhere.  It follows that section 220(a)=s citation and notice requirements do
not apply to the probate court=s appointment of Stacy as successor independent executor. 
This holding comports with the purpose of section 145 to keep independent
executors free of court control unless specifically directed otherwise. 

Adopting Richard=s construction of section 220(a) and
subjecting successor independent executors to its provisions in the absence of
express language would conflict with the legislative purpose behind independent
administration, and would run counter to more than a century of case law
supporting a hands-off approach regarding court intervention in independent
administrations.  The construction of section 220(a) employed by Stacy and the
probate court not only is reasonable, but also comports with the legislative
intent of independent administration as illustrated by decades of case law.  See
Chapa, 999 S.W.2d at 835.








Statutes and case law contain other
examples of Probate Code sections lacking the required explicit reference to
independent executors.  See Tex. Prob. Code Ann. __ 294, 295 (Vernon 2003) (no explicit
mention of Aindependent executor;@ only applicable to independent executors because section 146
expressly cross-references these sections); In re Bateman=s Estate, 528 S.W.2d at 89 (application of
section 258 to independent executor would constitute unauthorized court
interference because statute does not specifically and explicitly provide that
it applies to independent administrations); Bunting, 430 S.W.2d at 473
(application of sections 309, 310, and 313 of Probate Code to independent
executor would be inconsistent with general purpose of freeing independent
executor from court control except where the Code specifically and explicitly
provides otherwise).  All of these Probate Code sections parallel section
220(a) because they are general provisions of estate administration rather than
provisions applicable only to certain kinds of administration.  See Tex.
Prob. Code Ann. ch. VI (Vernon Supp. 2008) (ASpecial Types of Administration@).

In contrast, section 233 provides an
example of the explicitness required by section 3(aa) to bring an independent
executor within the reach of a Probate Code section that applies to a Apersonal representative.@  See id. _ 233 (Vernon 2003).  Subsections (a)
and (b) of section 233 both use the term Apersonal representative@ without reference to independent
executors.  Id. _ 233(a) (AEvery personal representative of an estate shall use ordinary
diligence . . .@); _ 233(b) (AExcept as provided by Subsection (c) of this section, a
personal representative may enter into a contract . . .@).  Subsection (c), however, states
that Aa personal representative, including
an independent executor or independent administrator, may convey or contract to
convey . . . .@  Id. _ 233(c).  Section 220(a) contains no comparable language expressly
reaching an independent executor.  See id. _ 220(a).  

The absence of an express reference
to Aindependent executor@ in subsections 233(a) and 233(b)
indicates the legislature=s intent to exclude successor independent executors from the
reach of those subsections.  See Helena Chem. Co., 47 S.W.3d at
493; Cameron, 618 S.W.2d at 540.  Likewise, the absence of an express
reference to Aindependent executor@ in section 220(a) indicates an intent to exclude the
appointment of a successor independent executor from section 220(a)=s reach under the circumstances
presented in this case. 








In analyzing section 220(a) under the
guiding principles animating independent administration, it appears that Stacy=s construction best comports with the
statute=s unambiguous terms and with the
legislative intent behind the Texas Probate Code and independent administration
of estates.  Therefore, we hold that section 220(a) does not apply to Stacy=s appointment as successor
independent executor.  Because section 220(a) does not apply, the probate court
was not required to satisfy section 220(a)=s notice provision in connection with
the appointment of Stacy as successor independent executor.

D.        Harmless
Error

We further conclude that any asserted
error by the probate court with regard to lack of citation and notice was
harmless.  Richard=s primary assertion on appeal is that the probate court
deprived him of an opportunity to be heard regarding Stacy=s suitability to serve as successor
independent executor and the need for continued administration of the estate. 
However, the June 21, 2007 hearing provided Richard ample opportunity to argue
and proffer evidence on both issues.

The record from that hearing reflects
that Richard presented documentary evidence and testimony from two witnesses,
including Stacy, regarding both issues.  The record also reflects that Richard
extensively questioned Stacy on his suitability and on the need for continued
administration, and that Richard had deposed Stacy on the same subject matter a
week earlier.








Richard stresses that the statutory
guidelines to disqualify a person from appointment as an independent executor
differ from the guidelines for removal.  Compare Tex. Prob. Code Ann. _ 78 (Vernon 2003), with id. _ 149C (Vernon Supp. 2008).  While
this is true, the record reflects that the probate court effectively applied
the standard governing appointment in connection with the June 21 hearing.  The
probate court=s findings of fact refer to Stacy as not Aunsuitable@ to be named successor independent
executor, which is part of the standard for appointment.  See id.
_ 78.  Because the June 21 hearing met
the requirements of fundamental fairness owed to Richard, any asserted error by
the probate court in not providing notice and citation in connection with Stacy=s appointment as successor
independent executor was harmless.  See Cunningham v. Parkdale Bank, 660
S.W.2d 810, 813 (Tex. 1983) (Afundamental fairness dictates that a party must be given a
reasonable opportunity to be heard on the merits of his case; such an
opportunity must be granted at a meaningful time and in a meaningful manner@).

We overrule Richard=s issue regarding applicability of
Texas Probate Code section 220(a) to Stacy=s appointment as successor
independent executor.

II.        Does
Evidence Support the Probate Court=s Findings Regarding Suitability and
Necessity of Continuing Administration? 

In the alternative, Richard argues
that the probate court abused its discretion because the evidence in this case
does not support its findings that (1) Stacy was not unsuitable to be appointed
successor independent executor; and (2) there was a continued need for
administration of the estate of Seaborn Eastland, Jr. 

A.        Evidence
Supporting the Probate Court=s Finding Regarding Suitability

The will of Seaborn Eastland, Jr.
named Stacy as successor independent executor of his estate.  Richard argues
that Stacy is unsuitable because Stacy had a conflict of interest arising from
his provision of legal advice to Anne Eastland regarding certain transactions,
some of which could have been a breach of Anne Eastland=s fiduciary duty to the beneficiaries
of the estate.

The authority of a testator to select
an independent executor of his or her choosing is recognized by Texas law even
if that person has an interest in the estate.  Boyles v. Gresham, 158
Tex. 158, 161, 309 S.W.2d 50, 53 (1958).  No comprehensive standard delineates
the attributes rendering someone unsuitable to serve as independent executor,
and the probate court has broad discretion in determining whether an individual
is Asuitable.@  See In re Estate of Gaines,
262 S.W.3d at 56 (citing Boyles, 158 Tex. at 163, 309 S.W.2d at 53-54).








Case law provides examples in which a
clear conflict of interest on the part of an individual is insufficient by
itself to render that individual unsuitable to serve as independent executor of
an estate, unless that conflict of interest involves a claim of ownership
adverse to the best interests of the estate or the clear intent of the will
itself.  See Sammons v. Elder, 940 S.W.2d 276, 283-84 (Tex. App.BWaco 1997, writ denied) (claim of
ownership of estate property as beneficiaries _ in direct opposition to claim of
another beneficiary _ under ambiguous provision of will did not legally incapacitate testatrix=s children from performing fiduciary
duties as independent executors of estate; holding otherwise would mean A[f]amily members would no longer be
able to serve as independent executors and receive property under the will if
mere service created a conflict requiring disqualification@); Boyles, 158 Tex. at 159,
163, 309 S.W.2d at 51, 53-54 (good-faith assertion of claims against estate and
of certain rights for individual and his sons under testator=s will did not render named
independent executor Aunsuitable;@ action by named independent executor to claim adversely
property which is owned, claimed, or should be claimed by the estate likely
would render one Aunsuitable@).

Stacy testified to the following to
demonstrate his qualifications and suitability to serve as successor
independent executor: (1) he was a licensed Texas attorney practicing from 1974
to 2000; (2) he had the responsibility at his law firm to review a draft of
Anne Eastland=s will; (3) he and his firm represented Anne Eastland as independent
executrix of the estate of Seaborn Eastland, Jr.; (4) he was aware that Anne
Eastland properly exercised a special power of appointment given to her under
his father=s will; (5) using his own funds, he opened a bank account in his name as
independent executor of his father=s estate after being appointed as
such, and he paid attorney=s fees related to the administration of the estate out of
that account; (6) he received personal records of his father from his father=s former law firm after his mother=s death in January 2005; and (7) he
did not have actual knowledge of the actual or potential assets of his father=s estate, or of any actual or
potential claims against his father=s estate, until receipt of his father=s personal records.








Richard did not proffer evidence
contradicting Stacy=s testimony, instead relying on the following testimony from
Stacy: (1) during his representation of Anne Eastland as independent executrix
of Seaborn Eastland, Jr.=s estate, he knew of and approved certain transactions which
may or may not have been self-dealing; and (2) he understood that there were
different exculpatory provisions with respect to self-dealing in his mother=s and father=s wills, which was a factor in his
decision to seek judicial construction of both wills.  Richard also argues that
Stacy is unsuitable because he is using his status as co-independent executor
of Anne Eastland=s estate to obtain a personal benefit in litigation against
Richard in violation of Stacy=s fiduciary duty under Anne Eastland=s will.  Richard offers no evidence
or case law supporting this assertion.  Stacy argues that any self-dealing
issues raised by Richard were addressed by Stacy=s declaratory judgment suit of
November 14, 2006.

None of Stacy=s testimony indicated a conflict of
interest involving ownership claims by him of estate property adverse to the
clear pronouncements of the will or to the best interests of the estate.  Thus,
any asserted conflict arising from his representation of Anne Eastland as
independent executrixr of his father=s estate _ or from his asserted approval of
certain transactions during that representation _ does not establish that the probate
court abused its discretion in finding Stacy was not unsuitable to serve as
successor independent executor.  See Sammons, 940 S.W.2d at 283-84
(challenge to construction of ambiguous provision in will to determine rightful
ownership of accounts as between independent executors and another beneficiary
insufficient to establish unsuitability); Boyles, 158 Tex. at 159, 309
S.W.2d at 51 (good-faith assertion of legal claims under will on behalf of
independent executor=s sons insufficient to establish unsuitability).  The probate
court=s finding that Stacy was not
unsuitable to serve as successor independent executor cannot be considered an
abuse of discretion under the circumstances of this case.  See In re Estate
of Gaines, 262 S.W.3d at 56-57. 

B.        Evidence
Supporting the Probate Court=s Finding Regarding Necessity of
Continuing Administration








With regard to the probate court=s finding of a need for continued
administration of the estate, Stacy initially disputes the applicability of a
necessity finding for an independent administration.  Even assuming that
necessity for continued administration is the applicable standard here, we
conclude that the probate court acted within its discretion in concluding that
the standard has been satisfied on this record.  The necessity of
administration is presumed in every case unless facts are shown that make the
case an exception to the general rule.  Davis v. Cayton, 214 S.W.2d 801,
804 (Tex. Civ. App.BAmarillo 1948, no writ).  Courts will take into consideration
all of the duties which an administrator is required to perform and all the
rights to be secured by an administration.  Id. at 805.  The burden of
showing that no administration is necessary is on the complaining party.  King,
1990 WL 11977, at *3 (citing Davis, 214 S.W.2d at 804).  

Stacy testified that continuing
administration of the estate was required because (1) mineral interests owned
by his father previously had been overlooked and never distributed; (2) a
lawsuit was filed in March 2007 against his father=s former law firm in which Stacy
expected the estate to be joined as a party; (3) potential liability existed
for the estate based on continued distribution of an income stream, which might
be affected by the March 2007 lawsuit; (4) potential liability existed for the
estate based upon an indemnification agreement with one of his father=s former law partners; and (5) Stacy
filed a November 14, 2006 lawsuit seeking construction of his father=s will.  

Richard offered no controverting
testimony.  However, he did offer the petition of the March 2007 lawsuit Stacy
referenced in his testimony to show that their father=s estate had yet to be joined as a
party.  Richard also proffered a mineral lease for the interests testified to
by Stacy that was entered into on April 12, 2007 and signed by Stacy without
indication of being done in any capacity on behalf of the estate. 

The evidence in this case _ particularly in light of the
presumption that continued administration is necessary _ and the absence of evidence to
overcome that presumption justifies the probate court=s finding that the estate of Seaborn
Eastland, Jr. required continued administration.  See King, 1990 WL
11977, at *3 (complaining party has burden to overcome presumption that
administration is necessary); Davis, 214 S.W.2d at 804 (necessity of
administration is presumed unless otherwise proven).  We cannot say under the
facts of this case that the probate court=s finding constituted a clear abuse
of discretion.  See King, 1990 WL 11977, at *3.








We overrule Richard=s issue regarding whether the probate
court abused its discretion in finding that Stacy was not unsuitable to serve
as successor independent executor and that continued administration of the
estate of Seaborn Eastland, Jr. was necessary.

Conclusion

The probate court=s appointment of Stacy as successor
independent executor is affirmed.

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Opinion filed
December 9, 2008.

Panel consists of Justices Yates,
Seymore, and Boyce.









[1]           Additional case law confirms that the plain
meaning of Asettlement@
reaches beyond the narrow confines posited by Richard.  See Lowrance
v. Whitfield, 752 S.W.2d 129, 135 (Tex. App.BHouston [1st Dist.] 1988, writ denied) (Asettlement of estate@ includes
adjustment on payment of debts against estate, sale of decedent=s property to pay debts of decedent, setting aside of
exempt property to widow and minor children, and distribution of estate to
distributees entitled thereto; also held to include execution of mineral
lease); Roy, 92 Tex. at 355-56, 48 S.W. at 896-97 (adjustment and
payment of debts, sale of property, setting aside of exempt property, payment
of allowance to widow and children, and distribution of estate are acts
performed by executor in Asettlement@ of
estate), modified by 92 Tex. 346, 49 S.W. 367.  Such a comprehensive
concept of Asettlement@
encompasses appointment of a successor independent executor.  See also Black=s Law Dictionary 1377 (7th ed. 1999) (defining Asettlement@ as the Acomplete
execution of an estate by the executor@).