BOTTOM et al. v. TINSLEY et al.

(Court of Civil Appeals of Texas.  Feb. 4, 1911. Rehearing Denied Feb. 25, 1911.)

1. RELIGIOUS SOCIETIES (§ 25*)—DIVISION— CONTRACTS — SPECIFIC PERFORMANCE— PLEADING.

A petition alleging that, as a result of the action of a minority of the members of a church in sending messengers to a county association which had a different method of government and mission work from the association to which the 'messengers had formerly been sent, there grew up two factions alleged to be the parties to the contract sought to be specifically enforced for the sale of the interest of defendant faction to the plaintiff faction;  that the contract was effected through the vol-

untary action of a majority of both factions; that it was agreed that the faction buying the property should be members of the church; and that the members of the selling faction should take letters and retire from the church; and that the defendant faction hold possession of the property to the exclusion of the use thereof by plaintiffs as a place of worship, and seeking specific performance of the contract of sale, and an injunction against interference with plaintiffs' right to use the church property—is sufficient, at least as against a general demurrer.

[Ed. Note.—For other cases, see Religious Societies, Dec. Dig. § 25.*]

2. RELIGIOUS SOCIETIES (§ 23*)—PROPERTY—DIVISION OF SOCIETY.

It is not essential to the validity of a contract between two factions of a church for the sale of the church property by one faction to the other that the contract be authorized or actually entered into by a majority of all the members, where open conferences were held, there was no concealment, and no member was prevented from attending such conferences or otherwise denied participation therein.

[Ed. Note.—For other cases, see Religious Societies, Dec. Dig. § 23.*]

3. RELIGIOUS SOCIETIES (§ 25*) — SPECIFIC PERFORMANCE — PLEADING — SPECIAL DEFENSES.

In an action to enforce specifically a contract by defendant faction of a church to sell its interest in the church property to the plaintiff faction, a special answer stating that at the conference when the committee was appointed looking to a sale of the property there were only 35 members present while there were more than 200 members in the church, that, when the committee made its report in favor of a sale, the conference adjourned to meet the next day because no deed had been written, the parties having failed to agree as to whom the deed should be made, and action was deferred to another conference at which there was a full attendance of the membership, and, after a thorough consideration, a motion was adopted to rescind the act of the previous conference providing for a division of the property and sale, and the sale was set aside, was sufficient to state a defense.

[Ed. Note.—For other cases, see Religious Societies, Dec. Dig. § 25.*]

Appeal from District Court, Hill County; W. C. Wear, Judge.

Action by J. R. Tinsley and others, in their own behalf and as deacons of the Missionary Baptist Church of Abbott, Tex., against C. Bottom and others. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Ivy, Hill & Greenwood, for appellants. Morrow & Smithdeal, for appellees.

TALBOT, J. This is an action brought by the appellees, suing in their own behalf, and in their capacity as deacons of the Missionary Baptist Church of Abbott, Tex., against the appellants for specific performance of an alleged contract to convey to appellees the church house and lot of said church described in plaintiffs' petition. It is alleged, in substance, that all parties reside in Hill county, Tex.; that plaintiffs and defendants are members of said church, and that said church is a voluntary association or reli-

gious society, and that appellees are successors to the original deacons of said church; that the government of said church was and is by a majority of its members, and its business transacted at conferences held at stated times, and that its government was in keeping with all Missionary Baptist churches throughout the country; that said church for many years had affiliated with and sent its messengers to the Hillsboro Baptist Association meeting at Hillsboro, but that in 1908 said church was affiliated with and its messengers sent to the Hill County Baptist Association by the action of a minority of its members, and that the Hill County Association had a different method of government and of missionary work from the Hillsboro Association and from said church, and that as a result of the differences growing out of those matters there grew up two factions in the church, and that these conditions finally resulted in a conference of the church on February 6, 1909, composed of both factions, at which a committee was appointed composed of six members, three from each faction, one known as the "General Convention Party," to which appellants belonged, and the other known as the "Baptist Missionary Association Party," to which appellees belonged; that at said conference by resolution adopted C. Bottom, Ford Marshall, and John B. Adams, as representatives of the General Convention side, and R. L. Dawson, P. H. Davidson, and J. R. Tinsley, as representatives of the Baptist Missionary Association side, were appointed and instructed to place a value on the church property, and that the party who set the price should make a proposition to give or take—that is, to sell or buy a one-half interest at the price named —that said resolution further provided that those buying should remain in the house and the others take letters and go out; that afterwards the committee held a meeting, and that the committee men belonging to the Baptist Missionary Association side set a price of $1,400 on the property, proposing to give $700 for the one-half interest of the opposite party, and that the General Convention side of the committee agreed to take the $700 for the interest of the party that they represented; that afterwards, on March 6th, at a regular conference of the church, the said proceedings of said committee were reported in writing and the same approved and adopted, and the deacons of said church adhering to the General Convention side were directed by said conference to make a conveyance of said property and deliver possession of the same to plaintiffs J. R. Tinsley and J. T. Bobbitt, the deacons of said church adhering to the said Baptist Missionary Association side, and that all of said matters were spread upon the minutes of the church in writing; that afterwards the plaintiffs, for the purpose of carrying into effect said

agreement, tendered the said $700 to the defendants; and that defendants have refused to make said conveyance.

It is further alleged that the plaintiffs upon the faith of said agreement have secured the said sum of $700 by subscription, and have procured the services of a minister, and have prepared to continue the church organization for religious purposes at Abbott, Tex.; that the defendants, in violation of their agreement and in disobedience to the orders of the church conference, are retaining the possession of said church property, to the exclusion of the use thereof by the plaintiffs as a place of worship, and have and are preventing the plaintiffs from the use of the same for religious purposes and for Sunday school purposes; and that, by reason thereof, the plaintiffs are without a place of worship and the other members of said church adhering to the said Baptist Missionary Association side thereof, constituting as plaintiffs believe a majority of all of the members of said church, are without a place of worship, etc. The prayer of the petition is that specific performance of the contract alleged be decreed; that an injunction, restraining the defendants from further interfering with the plaintiffs' use of said church house and property and requiring defendants to desist from using the same, be issued; and that they have such relief in law or equity to which they may be entitled.

The defendants answered (1) by general exception; (2) by special exception to the effect that plaintiffs' petition wholly failed to allege such facts as would give the court jurisdiction over the subject-matter, that it appeared that the suit was based upon a church controversy, and the petition failed to disclose such facts as would invoke the jurisdiction and authority of the court; (3) a general denial; and (4) specially, in substance, that about three years before this suit was filed there was organized·in Hill county a Baptist Association known as the Hill County Association, which meets annually and is made up of messengers elected and sent by various Baptist churches; that each of said churches and the Abbott Baptist Church has a congregational form of church government, in which each member has a right to vote; that the Abbott Baptist Church did send its messengers to said association, and that such action was regular, and that no opposition was expressed at the time; that the Hill County Association did not have a different form of government from other associations, nor a different way of dealing with the Mission question from said church. It was alleged that no association or convention has anything to do with reference to the government of the church, having no jurisdiction or supervision over a Baptist church; that plaintiffs and a small minority of the church acting with them became so dissatisfied because the church had sent its messengers to the Hill County Association that they entered into open rebellion against the church and held a factional meeting, and pretended to elect a pastor, notwithstanding the fact that at that very time the church had a regular pastor, who had been serving it for a long time.

It was further alleged that at the conference when the committee was appointed looking to the sale of said property there were only 35 members present, and that at said time and now there were, and now are, more than 200 members in said church, that the committee made its report on March 6th in favor of a sale, and that the conference adjourned to meet next day, because no deed had been written, the respective parties having failed to agree as to whom the deed should be made, and that as a matter of fact no agreement was ever reached as to whom said deed should be made, and action in regard thereto was deferred to the next conference, which met on April 3d; that in the meantime it became widely known among all the members of the church that a move was on foot·to sell the property, and divide the membership, and that, when this became known, sentiment rapidly developed against such division, and that as a result there was a full attendance of the membership at said last conference, and that, after a thorough consideration of the entire matter, a motion was made by R. L. Dawson, who theretofore had belonged to plaintiffs' faction, to rescind the act of the previous conference providing for a division of the property and sale, and hold the same for naught, and to set such former action aside; that 55 members voted for the motion to rescind and only 20 against it; that this was the official action of the church at a large and representative meeting after the matter was thoroughly considered; that plaintiffs themselves participated in said meeting and are bound by it, and are estopped from attacking same; that the church, having a congregational form of church government, had the right by and under its organic construction, government, and policy to change, modify, order, or set aside at a subsequent meeting its own action of a previous meeting on the same subject; that the overwhelming majority of the members are opposed to a sale and division, and that it is for the best interest of the church, now and hereafter, that such division do not occur; that already a large number of the minority faction have reconsidered their course, and are convinced that there should be no division. It was also alleged that the committee was without authority to sell, because the church and a majority of its members are opposed to a sale, and were so opposed at the time the committee was appointed and at the time the act of rescission occurred, and that the committee could not bind the church nor affect the rights of the members to the use and enjoyment of the property. Appellees filed their first supplemental petition on Sep-

tember 20, 1909, and excepted (1) to appellants' first amended original answer; and (2) especially excepted to subdivision 4 of said answer, because it presented no defense; and (3) to said answer because it was not alleged that the contract to sell was procured by fraud, accident, or mistake, and because it was not alleged that plaintiffs agreed to such rescission; and (4) a general denial to all of said answer; and (5) a tender of $700 into court; and (6) that said contract could not be rescinded except by consent of plaintiffs. On September 20th defendants filed their first supplemental answer, and alleged that the original grantees in the deed conveying said property were necessary parties to this suit, and especially alleging that the act of rescission was in writing and spread upon the minutes of the church, and was the act of the church itself, and that the act of rescission was at a conference which was a continuation of the former conferences. The defendants' general demurrer to plaintiffs' petition was overruled, and plaintiffs' special exception to the special answer set up by the defendants was sustained and said answer stricken out. The cause upon its merits was tried before the court without a jury, and judgment rendered in favor of plaintiffs as individuals and as deacons divesting out of defendants all right, title, and interest in and to the property involved, and decreed that it should be vested in plaintiffs, and that defendants recover $700 from plaintiffs, and in favor of plaintiffs for specific performance, and that possession be vested in plaintiffs, and that defendants be enjoined from interfering with or obstructing the use of said property. Appellants excepted to the judgment of the court, and gave notice of appeal and perfected the same.

Appellants' first assignment of error complains of the court's action in overruling their general demurrer to plaintiffs' petition. The contention, in substance, is that the petition shows no cause of action, because it discloses upon its face that the plaintiffs' alleged cause of action is based upon a church controversy, and that the church in question has a congregational form of church government and its affairs controlled by a majority of its members; that the petition fails to allege that a majority of the members of said church entered into, or in any manner ratified, or acquiesced in, the contract sought to be enforced, and fails to show that either the plaintiffs or the defendants had or have any individual rights or ownership in the property in controversy; that where there is a schism among the members of a church having a congregational form of government courts will not interfere to settle such differences, nor interfere with the property of such church, hence the plaintiffs' petition fails to show that any such contract was made, as can be enforced by the courts. The decision of the question

presented has not been without difficulty, but we have reached the conclusion that if it be conceded that the proposition of law embraced in appellants' contention is, generally speaking, correct, still the same should not be applied and given controlling effect in this case. At least, tested by a general demurrer, we are inclined to think the allegations of the petition are sufficient to show a cause of action. It would seem that no good reason or legal impediment existed to prevent the respective members of the two factions of the church from entering into a binding contract for the transfer of such interest, or right of possession and use that the one faction had in and to the church property to the other for a money consideration and in consideration that the faction selling should withdraw from the church. As has been seen, the petition alleged that as a result of the action of a minority of the members of the church in sending, in 1908, the messengers of the church to the Hill County Baptist Association, which had a different method of government and mission work from the Hillsboro Association, instead of sending them to the latter association as had formerly been done, there grew up the two factions in the church, alleged to be parties to the contract sought to be specifically enforced in this action, that the execution of said contract was effected through the voluntary action and by a majority vote of the members of both factions present, and that it was agreed, in effect, that the faction buying the property should remain members of the Abbott Baptist Church, and that the members of the faction selling or relinquishing their use of the property should take letters and retire from said church. The petition did not allege that a majority of all the members of the church entered into said contract or ratified or acquiesced in the same, but the absence of such an allegation did not in our opinion render the petition obnoxious to a general demurrer. We do not regard it as absolutely essential to the validity of the contract that the same should have been authorized or actually entered into by a majority of all the members of the church. The radical differences of opinion and action giving rise to the two factions were evidently generally known among the members of the church. Open conferences were held with a view of one faction securing the relinquishment of the other faction's interest and use of the church property in the manner alleged, and no member, for aught that appears in the record before us, was prevented by any concealment or secret action on the part of those authorizing the contract from attending such conferences or otherwise denied participation therein, and we think the action of the majority, as alleged, was sufficient to give force and effect to said contract. We know of no decision that holds that such a contract entered into under the facts and circumstances alleg-

ed is not binding and cannot be enforced. Again, it is alleged, in effect, that the defendants have not only violated their contract and agreement to sell and relinquish their interest in and use of the property in controversy, but have and hold the possession of said property to the exclusion of the use thereof by plaintiffs as a place of worship under their said organization, and are preventing them from the use of said property for religious purposes, etc. These allegations for the purposes of the demurrer must be taken as true, and it would seem that, if the contract alleged by plaintiffs cannot be specifically enforced for the reasons urged by the appellants, still the defendants, as members of· the Abbott Baptist Church, would have no right to take exclusive possession of the church house and other property held in trust by the deacons of said church, and thereby prevent plaintiffs and those members adhering to the Baptist Missionary Association from using the same for religious purposes. The right to so use said church as members thereof is such a property or valuable right as would it seems under the allegations of plaintiffs' petition, even though the contract set up cannot be enforced, furnish sufficient grounds for the interposition of the equity powers of the court to enjoin and prevent such a wrong.

The second assignment of error is that the trial court erred in sustaining the plaintiffs' special exception to the defendants' special answer. We think this assignment must be sustained. The special answer stricken out by the action of the court in sustaining plaintiffs' demurrer averred, among other things, that the Abbott Baptist Church had at the time the alleged contract was made a congregational form of government in which each member had the right to vote; that at the conference when the committee was appointed looking to the sale of said property there were only 35 members present, and that at said time there were, and now. are, more than 200 members in said church; that the committee made its report on March 6th in favor of a sale, and that the conference adjourned to meet next day, because no deed had been written, the respective parties having failed to agree as to whom the deed should be made, and that as a matter of fact no agreement was ever reached as to whom said deed should be made, and action in regard thereto was deferred to the next conference, which met on April 3d; that in the meantime it became widely known among all the members of the church that a move was on foot to sell the property and divide the membership; and that, when this became known, sentiment rapidly developed against such division, and that, as a result, there was a full attendance of the membership at said last conference, and that after a thorough consideration of the entire matter a motion was made by R. L. Dawson, who theretofore had belonged to plaintiffs' faction, to rescind the act of the previous conference providing for a division of the property and sale, and hold the same for naught, and to set such former action aside; that 55 members voted for the motion to rescind and only 20 against it; that this was the official action of the church at a large and representative meeting after the matter was thoroughly considered; that plaintiffs themselves participated in said meeting, and are bound by it, and are estopped from attacking same; that the church, having a congregational form of church government, had the right by and under its organic construction, government and policy, to change, modify, order, or set aside at a subsequent meeting its own action of a previous meeting on the same subject. It was further alleged in a supplemental answer that the act of rescission referred to in the said special answer was at a conference of the church, which was a continuation of the former conferences at which the matter of dividing and selling the church was considered. The allegations of these answers, and especially those to the effect that the church had, at the time the alleged contract was entered into, a congregational form of government, that at the conferences of March 6 and 7, 1909, the committee appointed to negotiate and secure the said contract had not agreed to whom the transfer or conveyance of the church property should be made, and that action in regard thereto was deferred by said committee and said conferences to the conference which met on April 3, 1909, and that at said last-named conference the acts of the previous conferences in regard to the sale and division of the church property were rescinded and annulled by a majority vote of the members of the church attending said conference, showed a good defense to plaintiffs' action for specific performance of the contract alleged. These allegations upon demurrer must be considered and taken as true, and the court erred in striking them out and refusing to hear evidence in support thereof.

Indeed, it may be stated in this connection that the statement of facts shows that the parties to the suit have agreed that the Abbott Baptist Church has always had a congregational form of church government, and that a majority of its members rule, and that in its conferences it often happens that matters which took place at previous conferences or meetings of the church may be afterwards taken up and discussed and set aside.

For this error we think the judgment of the court below should be reversed and the cause remanded, and it is accordingly so ordered.

Reversed and remanded.