TINSLEY et al. v. BOTTOM et al.

(Court of Civil Appeals of Texas. Austin. March 19, 1913. Rehearing Denied April 16, 1913.)

1. COURTS (§ 85*)—RULES OF COURT—COMPLIANCE—NECESSITY.

The Court of Civil Appeals will enforce the rules of court whenever it is insisted on; and as soon as the court is satisfied that the changes in the rules made by the Supreme Court in January, 1912, have become generally known it will enforce them of its own accord, and regardless of the acquiescence of the adverse party and attorneys.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 294, 296–301; Dec. Dig. § 85.*]

2. COURTS (§ 90*)—LAW OF THE CASE.

A decision of the Court of Appeals of one judicial district, rendered on appeal, will be accepted by the Court of Civil Appeals of another district on a subsequent appeal; and a judgment rendered by the trial court in accordance with the decision will be affirmed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313–321, 351; Dec. Dig. § 90.*]

Error to District Court, Hill County; C. M. Smithdeal, Judge.

Action by J. R. Tinsley and others against C. Bottom and others. There was a judgment for defendants, and plaintiffs bring error. Affirmed.

Collins & Cummins and Morrow & Morrow, all of Hillsboro, for plaintiffs in error. J. E. Clarke, of Hillsboro, and C. F. Greenwood, of Dallas, for defendants in error.

KEY, C. J. This case originated in the Fifth supreme judicial district, and reached the docket of this court by reason of an order made by the Supreme Court for the purpose of equalizing the business of the Courts of Civil Appeals. This is the second appeal, and the decision of the Fifth Court of Civil Appeals will be found reported in Bottom v. Tinsley, 134 S. W. 833, which report contains a full statement of the nature of the case. It involves a controversy between two factions of the Missionary Baptist Church at Abbott, in Hill county. The plaintiffs, who are representing one faction, sought to compel the defendants, who are alleged to represent the other faction, to execute a deed conveying to the former faction certain lots and a church building located thereon, which belonged to the entire church. It is also alleged in the plaintiffs' petition that the defendants have excluded the plaintiffs from the use of the church, but no proof was offered to sustain the latter allegation.

When the case was tried the first time, the trial court sustained an exception to the special answer interposed by the defendants.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

On appeal it was held that the exception referred to should not have been sustained, and that the special answer referred to set up a good defense to the plaintiffs' demand for specific performance. On that branch of the case the appellate court said:

"The second assignment of error is that the trial court erred in sustaining the plaintiffs' special exception to the defendants' special answer. We think this assignment must be sustained. The special answer stricken out by the action of the court in sustaining plaintiffs' demurrer averred, among other things, that the Abbott Baptist Church had, at the time the alleged contract was made, a congregational form of government, in which each member had the right to vote; that at the conference when the committee was appointed looking to the sale of said property there were only 35 members present, and that at said time there were and now are more than 200 members in said church; that the committee made its report on March 6th in favor of a sale, and that the conference adjourned to meet next day, because no deed had been written, the respective parties having failed to agree as to whom the deed should be made, and that, as a matter of fact, no agreement was ever reached as to whom said deed should be made, and action in regard thereto was deferred to the next conference, which met on April 3d; that in the meantime it became widely known among all the members of the church that a move was on foot to sell the property and divide the membership; and that when this became known sentiment rapidly developed against such division, and that as a result there was a full attendance of the membership at said last conference, and that after a thorough consideration of the entire matter a motion was made by R. L. Dawson, who theretofore had belonged to plaintiffs' faction, to rescind the act of the previous conference providing for a division of the property and sale and hold the same for naught, and to set such former action aside; that 55 members voted for the motion to rescind and only 20 against it; that this was the official action of the church at a large and representative meeting after the matter was thoroughly considered; that plaintiffs themselves participated in said meeting, and are bound by it, and are estopped from attacking same; that the church, having a congregational form of church government, had the right by and under its organic construction, government, and policy to change, modify, order, or set aside at a subsequent meeting its own action of a previous meeting on the same subject. It was further alleged in a supplemental answer that the act of rescission referred to in the said special answer was at a conference of the church, which was a continuation of the former conferences at which the matter of dividing and selling the church was consid-

ered. The allegations of these answers, and especially those to the effect that the church had, at the time the alleged contract was entered into, a congregational form of government, that at the conferences of March 6 and 7, 1909, the committee appointed to negotiate and secure the said contract had not agreed to whom the transfer or conveyance of the church property should be made, and that action in regard thereto was deferred by said committee and said conferences to the conference which met on April 3, 1909, and at said last-named conference the acts of the previous conferences in regard to the sale and division of the church property were rescinded and annulled by a majority vote of the members of the church attending said conference, showed a good defense to plaintiffs' action for specific performance of the contract alleged. These allegations, upon demurrer, must be considered and taken as true, and the court erred in striking them out and refusing to hear evidence in support thereof.

"Indeed, it may be stated in this connection that the statement of facts shows that the parties to the suit have agreed that the Abbott Baptist Church has always had a congregational form of church government, and that a majority of its members rule, and that in its conferences it often happens that matters which took place at previous conferences or meetings of the church may be afterwards taken up and discussed and set aside."

At the last trial the judge instructed a verdict for the defendants, and the plaintiffs have brought the case to this court by writ of error, and charge in their brief that the trial court committed error in peremptorily instructing a verdict for the defendants.

[1] In the brief filed by counsel for the defendants in error, objection is made to a consideration of the assignments of error, because they do not comply with rule 25, as amended by the Supreme Court January 24, 1912 (142 S. W. xii). The effect of amended rules 24 and 25 is to prescribe that no question shall be presented on appeal that was not presented in the trial court on motion for a new trial; and rule 25 requires each assignment of error to refer to the particular portion of the motion for new trial in which the question was raised. In this case the assignments of error were filed February 19, 1912, and do not refer to the motion for new trial. At that time the amended rules referred to had not been officially or generally published; and for that reason, and because the motion for new trial, filed in the court below, complained only of the action of that court in directing a verdict for the defendants, and because that is the sole question presented in this court, we have concluded to consider the case upon its merits. However, it is not to be understood from this that the rules referred to are not

to be enforced. On the contrary, and as a general rule, it is the purpose of this court to enforce them whenever it is insisted upon; and as soon as we are satisfied that the changes in them have become generally known it is our intention to enforce them of our own accord, and regardless of the acquiescence of adverse litigants and attorneys.

[2] The principal reason assigned by the Fifth Court of Civil Appeals for holding that the plaintiffs' petition stated a cause of action was the allegations therein that the defendants had excluded them from, and were denying to them, the use of the church property involved, and it was held that the facts therein alleged, if true, entitled the plaintiffs "to the interposition of the equity powers of the court to enjoin and prevent such wrong." As said before, no proof was submitted at the last trial tending to support that averment. Proof was submitted tending to support many of the other averments in the plaintiffs' petition; but the undisputed proof established the material facts set up in the defendants' answer, and held by the appellate court to constitute a defense to the demand for specific performance. We accept the decision referred to as the law of the case, and therefore hold that the trial court pursued the proper course when it instructed a verdict for the defendants. It is not necessary that we should, and we do not, express any opinion as to whether the plaintiffs' petition stated any cause of action other than that based upon the allegation that the defendants had excluded them from the use of the property.

No error has been shown, and the judgment is affirmed.

Affirmed.