

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00038-CV

**IN THE ESTATE OF** Ramiro **AGUILAR** Jr., Deceased

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2012-PC-2800
Honorable Tom Rickhoff, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:          Catherine Stone, Chief Justice
                 Marialyn Barnard, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed:  February 19, 2014

AFFIRMED IN PART, REVERSED AND REMANDED IN PART

This appeal arises from three probate court orders, namely: (1) an October 12, 2012 transfer order; (2) a January 11, 2013 order setting aside an out-of-county default judgment, dismissing the out-of-county case, and granting sanctions; and (3) a January 28, 2013 order granting sanctions. Appellant Anthony C. Aguilar raises fourteen issues on appeal, contending, in essence: (1) the probate court improperly transferred a case from the 327th Judicial District Court of El Paso County ("the 327th District Court case") to the probate court; (2) section 402.001 of the Texas Estates Code deprived the probate court of jurisdiction to enter the orders;[1] and (3) the probate

---

[1] Effective January 1, 2014, the Texas Probate Code is repealed and recodified in the Texas Estates Code. *See* Acts 2009, 81st Leg., ch. 680, § 1 et seq.; Acts 2011, 82d Leg., ch. 823, § 1 et seq.; Acts 2011, 82d Leg., ch. 1338, § 1 et seq. The new codification is "without substantive change" and its purpose is to make the law "more accessible and understandable." *See* TEX. EST. CODE ANN. § 21.001. We will refer to the Estates Code and its corresponding sections, when possible, where the parties and probate court had originally referred to the Probate Code.

court improperly sanctioned Aguilar.[2]  We: (1) affirm the order transferring the 327th District Court case to the probate court, (2) declare the default judgment rendered by the 327th District Court of El Paso County void, (3) reverse and remand the probate court's January 11, 2013 sanctions order for further proceedings consistent with this court's opinion, and (4) affirm the probate court's January 28, 2013 sanctions order.

## BACKGROUND

The underlying dispute between Aguilar and Morales, who are siblings, is subject to a rather complicated timeline of events.  The parties' father, Ramiro Aguilar Jr., died in the summer of 2012, and Aguilar, on behalf of Morales, filed an application to probate their father's will with the probate court on August 31, 2012.[3]  The probate court admitted the will to probate, issued letters testamentary, and appointed Morales independent executrix on September 17, 2012.

Two days later, on September 19, 2012, Aguilar, allegedly as the personal representative of Ramiro's estate, sued Morales in El Paso County, the 327th District Court, for breach of fiduciary duty.  The petition claimed Morales, acting under a power of attorney, had mismanaged their father's real property and misappropriated his personal property before his death.  The petition sought to recover damages for Ramiro's estate resulting from Morales's allegedly wrongful acts.

On October 5, 2012, Morales filed a motion in the probate court, asking the probate court to transfer the 327th District Court case to the probate court pursuant to section 34.001 of the Estates Code.  The probate court granted the motion on October 10, 2012.  Although receipt and notice is disputed, the record reflects Morales mailed a copy of the section 34.001 transfer order

---

[2] Aguilar's fourteen issues are argued as "combined issues" split into two groups in his brief.  The fourteen issues overlap and are best addressed by discussing the three core contentions.

[3] Although Aguilar, a licensed attorney, initially represented Morales in filing the will for probate, Morales retained new counsel prior to her appointment as independent executrix.

to the El Paso District Court Civil Division, and the order was received by the 327th District Court on October 12, 2012.[4] Despite Morales's attempt to notify the 327th District Court of the transfer, that court entered a default judgment against Morales on October 29, 2012.[5]

Because the 327th District Court case had been transferred to the probate court, Morales filed a Motion to Set Aside Default Judgment and Motion for Sanctions with the probate court on November 14, 2012. In the motion, Morales asked the probate court to set aside the default judgment and sanction Aguilar under Rule 13 for filing frivolous pleadings. The probate court held a hearing on this motion on December 5, 2012, and sent a letter to the 327th District Court explaining the possible confusion regarding the section 34.001 transfer order and subsequent default judgment.[6]

On December 12, 2012, prior to any ruling by the probate court on the pending motion, Aguilar, individually and on behalf of his brother Michael Aguilar, filed a second lawsuit against Morales. This time, Aguilar filed suit in El Paso County Court at Law No. 6 ("the County Court at Law case"). Aguilar's petition in the County Court at Law case was substantially similar to the petition filed in the 327th District Court case, but added a wrongful death claim against Morales

---

[4] After oral argument, Aguilar filed a motion requesting that we take judicial notice of the certified records from the 327th District Court of El Paso that were attached to the motion. We rendered an order on November 25, 2013, carrying the motion with the appeal. These certified records reflect the 327th District Court received the probate court's order to transfer the case, but did not take any formal action after receipt of the order. We grant Aguilar's motion and take judicial notice of the records. *See Freedom Commc'ns Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam); TEX. R. EVID. 201(b), (d). As such, we take judicial notice of the fact the 327th District Court received the probate court's transfer order but did not formally act on it.

[5] Morales filed an answer to the 327th District Court case in the probate court on October 12, 2012.

[6] This letter was the subject of a motion to recuse the probate judge. Aguilar uses the letter as the basis for an issue on appeal, contending "Judge Rickhoff had no authority to submit a letter to Judge Chew directing her to disregard or set aside the final judgment rendered in the 327th Judicial District Court." Aguilar has failed to cite any applicable authority or provide substantive analysis on this issue, and we have no duty to brief the issue for him. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). "Rule 38.1(i) of the Texas Rules of Appellate Procedure requires an appellant's brief to contain a clear and concise argument for the contentions made." *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.). The failure to include a proper argument supported by applicable authority waives the issue. *Eastin v. Dial*, 288 S.W.3d 491, 501 (Tex. App.—San Antonio 2009, pet. denied). Accordingly, we hold Aguilar has waived appellate review with regard to the issues he raises on appeal relating to the motion to recuse. *Id.*; *see Vogt*, 373 S.W.3d at 75; TEX. R. APP. P. 38.1(i).

and named Morales's husband and children as co-defendants. In response, Morales filed another motion in the probate court, asking that the County Court at Law case be transferred to the probate court. Morales included another request for sanctions in her transfer motion.

In the midst of the litigation involving the El Paso courts, Morales filed an Inventory, Appraisement, and List of Claims with the probate court on December 14, 2012. On December 26, 2012, the probate court entered an order approving the Inventory, Appraisement, and List of Claims.

After the inventory was approved by the probate court and the estate entered independent administration, the probate court entered the other two orders challenged in this appeal. On January 11, 2013, the probate court signed an order setting aside the default judgment entered by the 327th District Court in El Paso, dismissing the 327th District Court case, and sanctioning Aguilar for filing frivolous pleadings in the case. On January 28, 2013, the probate court signed an order granting Morales's request for monetary sanctions against Aguilar for filing frivolous pleadings in the County Court at Law case.[7] Both orders directed Morales, as independent executrix, to pay the sanctions and allocate the amount "as an advancement to the share otherwise distributable to Anthony Cleve Aguilar as a beneficiary" of his father's estate.

After Aguilar perfected this appeal and filed his brief, Morales filed a motion in this court to strike Aguilar's brief and dismiss the appeal. In the motion, Morales argued we should strike the brief because Aguilar was presenting arguments on behalf of the estate and had no authority to do so. Morales also claimed we should dismiss the appeal because there was no final judgment from which Aguilar could appeal. In response to Morales's motion we entered an order on August

---

[7] Aguilar non-suited the County Court at Law case before the probate court acted on Morales's motion to transfer.

21, 2013, striking all of the arguments made by Aguilar on behalf of the estate.[8]  However, we denied Morales's request that we dismiss the appeal, holding the probate court's orders were final for purposes of appeal.  We determined the orders constitute exceptions to the one final judgment rule under the Texas Supreme Court's decision in *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006).

## ANALYSIS

Although Aguilar formats his complaints as fourteen separate issues, they can be condensed into three complaints: (1) the probate court erred when it transferred the 327th District Court case to the probate court pursuant to section 34.001 of the Estates Code; (2) the probate court was without jurisdiction to render the January orders because independent administration commenced before the orders were rendered; and (3) the probate court erred in granting Rule 13 sanctions against Aguilar.

### A.  Section 34.001 Transfer Order

Aguilar contends the probate court's section 34.001 transfer order was erroneous, arguing: (1) the subject of the 327th District Court case was not a "probate proceeding" governed by section 34.001; and (2) even if the 327th District Court case is within the scope of the section 34.001 transfer statute, the mandatory venue provision in section 15.011 of the Texas Civil Practice and Remedies Code, which concerns damage to real property, controls.

### 1. Transfer Under Section 34.001

Section 34.001 of the Texas Estates Code provides that a judge of a statutory probate court may transfer to itself from a district court "a cause of action related to a probate proceeding pending

---

[8] In the 327th District Court case, Aguilar purported to sue on behalf of the Estate of Ramiro Aguilar Jr.  In a recent mandamus proceeding, we held Aguilar could not represent the estate, but could only represent himself *pro se* because he previously represented Morales in the underlying probate proceeding.  *See In re Aguilar*, No. 04-13-00425-CV, 2013 WL 4501435, at *4 (Tex. App.—San Antonio Aug. 21, 2013, orig. proceeding) (mem. op).

in the statutory probate court *or* a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate." TEX. EST. CODE. ANN. § 34.001(a) (West 2014) (emphasis added). Therefore, transfer is proper where either (1) the cause of action relates to a probate proceeding in the probate court, or (2) a personal representative of the pending estate is a party to suit. *See id.*

Here, the petition Aguilar filed in the 327th District Court case supports a transfer to the probate court under section 34.001 because Aguilar, attempting to act as representative of the Estate of Ramiro Aguilar Jr., sued Morales to recover damages on behalf of the estate. As such, Aguilar's cause of action purported to be a claim brought by a personal representative on behalf of the estate and therefore, related to a probate proceeding in the probate court. *See* TEX. EST. CODE ANN. § 31.002(a)(3) ("[A] matter related to a probate proceeding includes: . . . (3) a claim brought by a personal representative on behalf of an estate."). Accordingly, we hold the probate court's transfer was proper. *See id.* § 34.001(a).

## 2. Mandatory Venue Under Section 15.011

Aguilar next contends the transfer under section 34.001 was improper in light of the mandatory venue provision in section 15.011 of the Texas Civil Practice and Remedies Code. Aguilar suggests venue for the 327th District Court case is governed by section 15.011 of the Texas Civil Practice and Remedies Code because he seeks, in part, to recover damages for Morales's mismanagement of real property in El Paso County. We disagree.

Section 15.011 is a mandatory venue provision mandating that actions for recovery of damages to real property be brought in the county in which all or part of the property is located. TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (West 2002) (emphasis added). When making a venue determination under section 15.011, a court considers the "true nature" of the dispute. *In re*

*Kerr*, 293 S.W.3d 353, 356 (Tex. App.—Beaumont 2009, orig. proceeding [mand. denied]); *accord Airvantage, L.L.C. v. TBAN Properties #1, L.T.D.*, 269 S.W.3d 254, 258 (Tex. App.—Dallas 2008, no pet.). In determining the true nature of a dispute, courts look to the pleadings and relief sought. *Renwar Oil Corp. v. Lancaster*, 276 S.W.2d 774, 775 (Tex. 1955); *Kerr*, 293 S.W.2d at 356. Therefore, we look to Aguilar's petition in the 327th District Court case to determine whether section 15.011 applies.

Although Aguilar's petition in the 327th District Court alleges Morales failed to report income and expenses from the real property in El Paso County to the Internal Revenue Service and requests appropriate damages, it also accuses Morales of widespread fraud while acting under a power of attorney. Aguilar's petition sought financial accountings of Morales's management of Ramiro's real and personal property, actual damages, and punitive damages for her alleged fraud. Further, Aguilar's petition reserved "the right to join other parties who, based upon information and belief, have been unjustly enriched by Morales's misappropriation of monies including, but not limited to, her husband, children, grandchildren and the law firm retained by her."

After considering the contents of the pleadings, we hold the true purpose of the 327th District Court case was to recover damages to Ramiro's estate caused by Morales's alleged fraud while executing the fiduciary duties she owed under a power of attorney. Although Aguilar's petition included language suggesting the purpose of the lawsuit was to recover damages to real property as covered by section 15.011, mandatory venue provisions may not be evaded or invoked merely by artful pleading. *See Kerr*, 293 S.W.3d at 358. Here, although the lawsuit contained allegations relating to the real property in El Paso County, those allegations did not seek damages to the real property and do not mask the lawsuit's true purpose of recovering monies that would be part of the estate but for Morales's alleged breach of fiduciary duty and fraud. Accordingly,

we hold mandatory venue under section 15.011 does not apply. Thus, the trial court did not err in transferring the 327th District Court case pursuant to section 34.001.[9]

### B. Default Judgment Void

Because we affirm the probate court's section 34.001 transfer order, the default judgment rendered by the 327th Judicial District Court of El Paso County Texas is void. We may raise the issue of a trial court's jurisdiction *sua sponte*. *Dillon v. Waggoner*, No. 04-12-00230-CV, 2012 WL 6029915, at *1 (Tex. App.—San Antonio Dec. 5, 2012, no pet.) (mem. op); *Miranda v. Byles*, 390 S.W.3d 543, 551 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *see M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (holding appellate court is obligated to review *sua sponte* issues affecting jurisdiction). Here, the transfer to the trial court deprived the 327th Judicial District Court of jurisdiction over Aguilar's claims against Morales in the 327th District Court case. In the absence of jurisdiction, the 327th District Court had no power to enter a default judgment. *See City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009). Accordingly, the default judgment is void. *See In re Mask*, 198 S.W.3d 231, 234 (Tex. App.—San Antonio 2006, orig. proceeding).

### C. Effect of Independent Administration Under Estates Code § 402.001

Relying on section 402.001 of the Estates Code, Aguilar argues the trial court lacked jurisdiction[10] to act in the underlying proceedings because of the language in Ramiro's will under

---

[9] Morales argues a section 34.001 transfer is not subject to mandatory venue provisions. Morales directs the court to a number of decisions supporting the notion that section 34.001 is a jurisdictional statute, and is therefore not subject to venue provisions. *See In re Houston Nw. Partners, Ltd.*, 98 S.W.3d 777, 780 (Tex. App.—Austin 2003, orig. proceeding); *In re Ramsey*, 28 S.W.3d 58, 61 (Tex. App.—Texarkana 2000, orig. proceeding); *Henry v. LaGrone*, 842 S.W.2d 324, 327 (Tex. App.—Amarillo 1993, orig. proceeding). However, Morales's argument was expressly rejected by the supreme court in *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 621–22 (Tex. 2005), and is at odds with the language in section 34.001(b) itself. *See* TEX. EST. CODE ANN. §34.001(b) (codifying that proper venue by or against personal representative for personal injury, death, or property damages is determined by Texas Civil Practice and Remedies Code section 15.007).

[10] In his brief, Aguilar uses the terms "authority" and "jurisdiction" interchangeably.

the section entitled "Limitation of Court Supervision." Whether a trial court has subject matter jurisdiction is a matter we review *de novo*. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Tex. Nat. Resource Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

A person capable of making a will may provide in the will that no other action shall be had in the probate court in relation to the settlement of the estate other than the probating and recording of the will, and the return of an inventory, appraisement, and list of claims of his or her estate. TEX. EST. CODE ANN. § 401.001(a). This is known as independent administration. *See id.* The purpose of independent administration is to free the independent executor from judicial supervision by the probate court and to effect the distribution of an estate with minimal costs and delays. *Sweeney v. Sweeney*, 668 S.W.2d 909, 910 (Tex. App.—Houston [14th Dist.] 1984, no writ); *Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex. 1975). The Estates Code codifies this purpose by directing that after an independent executor is appointed and the inventory has been approved, "further action of any nature may not be had in the probate court except where this title specifically and explicitly provides for some action in the court." TEX. EST. CODE ANN. § 402.001. The record reflects that Ramiro's will provided for independent administration of his estate.

Aguilar contends section 402.001 deprived the probate court of jurisdiction over the 327th District Court case as well as the authority to impose sanctions in relation to the pleadings in the County Court at Law case.[11] We disagree. Admittedly, section 402.001 limits the probate court's jurisdiction to judicially *supervise* an independent executor's administration of the estate. *See id.*;

---

[11] Aguilar also argues section 402.001 applies to the probate court's section 34.001 transfer order. The transfer of the 327th District Court case occurred on October 12, 2012, long before the probate court approved the inventory, appraisement, and list of claims for the estate on December 26, 2012. Therefore, section 402.001 could not apply to the transfer order as it was entered prior to the probate court's approval of the inventory, appraisement, and list of claims, which is required to trigger the statute's independent administration protections. *See* TEX. EST. CODE ANN. § 402.001.

*Sweeney*, 668 S.W.2d at 910. However, as this court has previously held, section 402.001 "does not deny the probate court's jurisdiction over a contested claim against an estate served by an independent executor." *Estate of Kuenstler v. Trevino*, 836 S.W.2d 715, 718 (Tex. App.—San Antonio 1992, no writ.). Similarly, section 402.001 does not divest the probate court of jurisdiction over a claim brought on behalf of the estate. *See id.*

*1. Jurisdiction – 327th District Court case*:

The probate court's jurisdiction over the 327th District Court case, a claim brought on behalf of the estate by Aguilar as its alleged personal representative, is grounded in the probate court's general jurisdiction over matters relating to Ramiro's estate, which was pending in the probate court. *See* TEX. EST. CODE ANN. § 32.001(a) ("The court exercising original probate jurisdiction also has jurisdiction of all *matters related to the probate proceeding* as specified in Section 31.002 [of the Estates Code]." (emphasis added)). Aguilar's claim as personal representative of Ramiro's estate is, by definition, a matter related to a probate proceeding because it is "a claim brought by a personal representative on behalf of an estate." TEX. EST. CODE ANN. § 31.001(a)(3). Therefore, the probate court had jurisdiction under section 32.001 to enter orders relating to the 327th District Court case, including the sanction orders, because it was a matter relating to Ramiro's estate. And, as noted above, the onset of independent administration did not divest the probate court of its jurisdiction. *See Estate of Kuenstler*, 836 S.W.2d at 718.

The probate court's general jurisdiction over the 327th District Court case was not restricted by section 402.001 because it was not a claim based on the independent administrator's administration of the estate. Such a claim would fall subject to section 402.001's jurisdictional limitations because it would call for impermissible supervision by the probate court contrary to the purpose of independent administration. *See Sweeney*, 668 S.W.2d at 910. Here, however, Aguilar's claim in the 327th District Court case did not call for court supervision, but rather

assistance in recovering assets of the estate that would in turn be subject to distribution by the independent administrator of the estate, free of probate court supervision and expense. This type of claim on behalf of the estate falls within the general jurisdiction of the probate court and is not subject to the restrictions of section 402.001. *See Estate of Kuenstler*, 836 S.W.2d at 718. Accordingly, we overrule Aguilar's section 402.001 jurisdictional complaint with regard to the orders entered by the probate court in relation to the 327th District Court case.

*2. Jurisdiction – County Court at Law Case*:

On December 18, 2012, Morales filed a motion as independent executrix asking the probate court to transfer the County Court at Law case to the probate court. She also asked the probate court to sanction Aguilar for filing frivolous pleadings in the County Court at Law case. Although the probate court never had a chance to transfer the proceedings because Aguilar nonsuited the County Court at Law case after Morales filed her motion, the request for sanctions remained before the probate court because a nonsuit has no effect on a pending claim for sanctions. *See* TEX. R. CIV. P. 162; *Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008). Morales's motion, in her capacity as independent executrix, alleges Aguilar filed frivolous pleadings with the purpose of harassing her and thwarting the independent administration of Ramiro's estate. As with the 327th District Court case, we hold the motion to transfer the County Court at Law case and the motion for sanctions were grounded in the probate court's general jurisdiction over matters relating to Ramiro's estate, which was pending in the probate court. *See* TEX. EST. CODE ANN. § 32.001(a). Morales's motion for sanctions was "a claim brought by a personal representative on behalf of an estate" because she, in her capacity as independent executrix, wanted to prevent Aguilar from harassing her and interfering with her duties with regard to administration of Ramiro's estate. *See* TEX. EST. CODE ANN. § 31.001(a)(3). Therefore, we hold the probate court had general jurisdiction to hear Morales's request for sanctions against Aguilar on behalf of the estate.

As with the 327th District Court case, the probate court's general jurisdiction over the request for sanctions based on the pleadings in the County Court at Law case was not restricted by section 402.001 because it was not a claim based on the independent administrator's administration of the estate. Morales's request for sanctions was not in any way a plea to the probate court to supervise her independent administration of Ramiro's estate, which would run afoul of the purpose of section 402.001. *See Sweeney*, 668 S.W.2d at 910. Rather, Morales made a claim for sanctions against Aguilar on behalf of the estate to free her, in her capacity as independent executrix, from allegedly harassing tactics preventing effective independent administration of Ramiro's estate. We hold that such a claim on behalf of the estate falls within the general jurisdiction of the probate court and is not subject to the restrictions of section 402.001. *See Estate of Kuenstler*, 836 S.W.2d at 718. Therefore, we overrule Aguilar's section 402.001 jurisdictional complaint with regard to the probate court's sanction order based on the filing in the County Court at Law case.

### D. Sanctions

Aguilar next contends that even if the probate court had jurisdiction, the probate court abused its discretion by awarding sanctions against him in the January 11 and January 28, 2013 orders. The January 11, 2013 order sanctioned Aguilar for filing frivolous pleadings in the 327th District Court case. The January 28, 2013 order sanctioned Aguilar for filing frivolous pleadings in the County Court at Law case. Morales's motions asked for sanctions under both Texas Rule of Civil Procedure 13 and Civil Practice and Remedies Code Chapter 10.

Rule 13 allows a trial court to award sanctions against a party whose pleadings are groundless and brought in bad faith, or groundless and brought for the purposes of harassment. *See* TEX. R. CIV. P. 13. We review the imposition of sanctions for abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W. 835, 838 (Tex. 2004). We reverse the trial court's ruling with regard to sanctions if it acted without reference to any guiding

- 12 -

rules and principles, such that its ruling was arbitrary or unreasonable. *Low*, 221 S.W.3d at 614. Under Rule 13, the party moving for sanctions must demonstrate the opposing party's filings are groundless, and it must also be shown that the pleadings were filed either in bad faith or for the purposes of harassment. *Estate of Davis v. Cook*, 9 S.W.3d 288, 297 (Tex. App.—San Antonio 1999, no pet.). Further, the trial court must hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the alleged groundless pleading. *Keith v. Solls*, 256 S.W.3d 912, 917 (Tex. App.—Dallas 2008, no pet.); *accord Karagounis v. Prop. Co. of Am.*, 970 S.W.2d 761, 765 (Tex. App.—Amarillo 1998, pet. denied); *Bisby v. Dow. Chemical Co.*, 931 S.W.2d 18, 21 (Tex. App.—Houston [1st Dist.] 1996, no writ). "Without such a hearing, the trial court has no evidence before it to determine that a pleading was filed in bad faith or to harass." *Alejandro v. Robstown Indep. Sch. Dist.*, 131 S.W.3d 663, 669 (Tex. App.—Corpus Christi 2004, no pet.).[12]

Before addressing the sanction orders, we respond to Morales's argument that Aguilar's complaints about the sanctions have been waived under the "voluntary payment" rule. The voluntary payment rule "is a settled rule of law that when a judgment debtor voluntarily pays and satisfies a judgment rendered against him, the cause becomes moot." *Cont'l Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex. 1987). Morales contends the rule applies here because both sanctions orders set aside the amount owed "as an advancement to the share otherwise distributable to Anthony Cleve Aguilar as beneficiary, heir or legatee of such Estate." We disagree. There is no evidence in the record that the sanctions have actually been paid by Aguilar, even as an

_____

[12] The probate court's orders did not specify whether it granted sanctions under Rule 13 or Chapter 10. However, it is of no consequence to our analysis because Chapter 10, like Rule 13, allows a trial court to sanction a party for frivolous pleadings. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (West 2002). As with Rule 13 sanctions, the trial court must have an evidentiary hearing to make the necessary factual determinations about the party's intent when deciding whether to impose sanctions under chapter 10. *R.M. Dudley Const. Co., Inc. v. Dawson*, 258 S.W.3d 694, 709 (Tex. App.—Waco 2008, pet. denied).

advancement of his inheritance. Further, such payment, as a forced advancement, would not be "voluntary" such that the rule applied. Accordingly, we hold the issue of the sanctions has not been waived under the voluntary payment rule.

*1. January 11, 2013 Order for Sanctions*:

Aguilar contends the trial court abused its discretion by sanctioning him under Rule 13 in the January 11, 2013 Order without holding an evidentiary hearing. We agree. The December 5, 2012 hearing on the motion to set aside the default judgment and motion for sanctions did not satisfy the requirement for an evidentiary hearing. Evidence of bad faith or intent to harass "must be admitted under the rules of evidence at the evidentiary hearing for a trial court to consider it in a sanctions context." *Dudley*, 258 S.W.3d at 710. No such evidence was offered or admitted during the December 5 hearing. Accordingly, the probate court abused its discretion in awarding sanctions without an evidentiary hearing, a hearing necessary in order to make the required determination of Aguilar's intent when he filed the pleadings in 327th District Court case. *See Solls*, 256 S.W.3d at 917.

*2. January 28, 2013 Order for Sanctions*:

The January 28, 2013 order for sanctions concerned the pleading filed by Aguilar in the County Court at Law case, which was non-suited before it could be transferred to the probate court. Unlike the January 11, 2013 order for sanctions, the probate court held an evidentiary hearing on the sanctions ordered in the January 28, 2013 order. At the hearing, Aguilar testified to the bases for his pleading and counsel for Morales entered an affidavit in support of the attorney's fees to be recovered by the sanctions. Aside from the jurisdictional challenge we disposed of above, Aguilar offers only fleeting arguments with regard to the sanctions award in the January 28, 2013 order.

Aguilar contends the second set of sanctions are improper because: (1) "[t]he case had nothing to do with any probate proceeding [and] . . . involved, among other things, a wrongful

death cause of action;" and (2) "[Aguilar] has found no case law that allowed [the probate court] to have the sections paid from the Estate of Ramiro . . . [s]uch a ruling is a form of execution not allowed under Texas law." Although Aguilar clearly believes the sanction was inappropriate, he has not presented a substantive argument supported by relevant authority.

An appellant's brief must contain clear and concise arguments with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1(i). "The Texas Rules of Appellate Procedure require adequate briefing." *ERI consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). We have no duty to properly brief the issues for the appellant. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); *Torres v. Garcia*, 04-11-00822-CV, 2012 WL 38008593 at *4 (Tex. App.—San Antonio Aug. 31, 2012, no pet. h.) (mem. op.). The failure to cite applicable authority or provide substantive analysis waives an issue on appeal. *Huey*, 200 S.W.3d at 854; *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate court may use its discretion to find issues waived due to inadequate briefing). Here, Aguilar has failed to cite applicable authority or provide substantive analysis for his contentions regarding the January 28, 2013 sanctions order. Therefore, we hold Aguilar has presented nothing for our review. *See Huey*, 200 S.W.3d at 854.

## CONCLUSION

Based on the foregoing, we: (1) affirm the probate court's transfer order, (2) declare the default judgment rendered by the 327th District Court of El Paso County void, (3) reverse and remand the probate court's January 11, 2013 sanctions order for further proceedings consistent with this court's opinion, and (4) affirm the probate court's January 28, 2013 sanctions order.

Marialyn Barnard, Justice